JUDGE HARDIN
delivered the opinion oe the court.
This appeal is prosecuted for the reversal of a judgment and sentence of death rendered upon a verdict convicting the appellant on an indictment for the murder of Charles Goennewein.
In the argument for the appellant the correctness of the action of the circuit court is questioned both as to its rulings in relation to the admissibility of evidence and upon various propositions to instruct the jury. The first question thus presented for the determination of this court, and, as we conceive, the most important one which it will be necessary to decide, is as to the competency of certain statements which were made by Goennewein shortly before his death, and which were proved and admitted as evidence, notwithstanding the *13 objections of the defendant, as the dying declarations of the deceased, to be considered by the jury together with other evidence conducing to sustain the charge in the indictment. Those declarations not only conduced to identify the defendant as the perpetrator of • the alleged homicide, and to establish and explain the circumstances of the res gestee, but also purported to disclose former and distinct transactions not relating to the particular facts constituting the subject-matter of the charge or the identification of the defendant, but from which the jury might have inferred the existence of malice on the part of the appellant toward the deceased. And the essential inquiry involved, and on which the correctness of the ruling of the court under consideration seems solely to depend, is whether the court did or not err in admitting so much of the dying statements of the deceased as did not relate to and were not necessary to establish the circumstances or direct transactions from which his death resulted, and to identify and connect the defendant with him.
On this question there is some contrariety of adjudication; but the decided weight of authority on the subject seeins to be to the effect that it is a general rule that dying declarations, although made with a full consciousness of approaching death, are only admissible in evidence where the death of the deceased is the subject of the charge, and the circumstances of the death the subject of the dying declaration. (1 Wharton’s American Criminal-Law, section 675; 2 Russell on Crimes, p. 761; Roscoe’s Criminal Evidence, p. 23; 1 Greenleaf on Evidence, sec. 156; Nelson v. The State, 7 Humphrey, 542; State v. Shelton, Jones’s Law, N. C. 360.)
The admission of dying declarations as evidence being in derogation of the general rule which subjects the testimony of witnesses as ordinarily received to the two important “ tests of truth,” an oath and a cross-examination, it is obvious that such evidence should be admitted only upon grounds *14 of necessity and public policy, and should be restricted to the act of killing and the circumstances immediately attending it and forming a part of the res gestee.
It results that in our opinion the court erred to the prejudice of the appellant in admitting a part of the dying statements of Goennewein, however competent the residue may have been, and for that cause, if no other, the judgment should be reversed. With reference to the action and decision of the court upon the motions to instruct the jury we deem it sufficient to say that while we perceive but little if any ground for complaint as to most of them, the sixth instruction* which the court gave is objectionable in that it assumes as a fact that the appellant used the instrument with which he was charged with having slain Goennewein in a manner calculated to produce death. We would suggest, moreover, that we regard the instructions given, when considered together, as somewhat too numerous and prolix for a perspicuous presentation of the law of the case.
Wherefore the judgment is reversed, and the cause remanded for a new trial on principles not inconsistent with this opinion.

The sixth instruction referred to aboye reads as follows, to wit:
“6. If the jury believe from the evidence, to the exclusion of a reasonable doubt, that the accused, not in his apparently necessary defense, but of his malice aforethought, and without considerable provocation given at the time lie assaulted and struck the deceased with a piece of wood, which was likely to produce death when used as he did use it, and that deceased died within a year and a day after the blow was stricken from the injury inflicted by the blow, they ought to find him guilty of murder, although they may not believe he intended to kill him. If the jury shall believe from the evidence that deceased gave accused considerable provocation, and being so provoked he suddenly, on the impulse of the moment, seized a piece of wood and struck him, not in his self-defense or in malice, and not with an intention to kill him, and he died from the injuries resulting from the blow, he is guilty of manslaughter.”