CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
It is by no means clear that the deceased made the statements allowed to be proved as dying declarations under a sense of impending dissolution. But if they were provable *272 in that regard they ought to have been excluded from the jury for another reason. They were in substance, “That Michael Collins killed me, and killed me for nothing;” that “I never carried any thing to hurt any one.”
In the case of Leiber v. The Commonwealth (9 Bush, 11) this court held the decided weight of authority to be, that it is a general rule that dying declarations are only admissible in evidence where the death of the deceased is the subject of the charge, and the circumstances of the death the subject of the declarations, and that such evidence should be admitted only upon the ground of necessity and public policy, and should be restricted to the act of killing, and the circumstances immediately attending it, and forming part of the res gestee.
In this case it was unnecessary to prove the declarations of the deceased to establish the fact that the killing was done by the accused. That fact was abundántly proved by several uncontradicted witnesses, and was virtually admitted by the line of defense adopted. The statement that Collins killed the deceased “ for nothing ” was but the expression of an opinion, and was clearly inadmissible. (1 Taylor on Evidence, p. 644.)
The statement that he (the deceased) “had never carried any thing to hurt any one ” did not relate directlj'- to the act of killing, and was not a circumstance immediately connected with it. Proof of this statement was therefore inadmissible. Neither of the two statements proved any thing forming part of the res gestee. They were each incompetent, and they each tended to prejudice the rights of the accused.
We can not say the court below erred in permitting the prosecution to prove that the appellant had participated in making arrangements for one of the commonwealth’s witnesses to leave the place at which the trial was in progress. That fact was a circumstance the jury might consider, just as in similar cases the flight of the accused may be considered. (Wharton’s Am. Crim. Law, 714, 722.)
*273 The appellant can not complain that he was not permitted to prove the statements made by the witness Duncan on a former trial. The witness was absent from the state, and his place of residence was unknown; but these facts did not entitle him to make the proposed proof. Whatever may be the rule as to the testimony given by an absent witness on a former trial in.a civil action, it can not be proved on a criminal trial. The courts allow proof of such testimony'when the witness is dead, but we are not advised that the rule has ever been extended so far as to permit either the commonwealth or the accused to prove the statements of a witness upon the sole ground that he was absent from the state and beyond the territorial jurisdiction of the court.
In the case of The People v. Newman (5 Hill, N. Y., 296) it was directly decided that in a criminal ease proof of this character is inadmissible. The fact that the legislature by the 154th section of the Criminal Code of Practice provided means by which a party charged with crime may preserve the evidence of a -witness whose death is apprehended, and then provides that the evidence so preserved may be used upon the death of the witness, and in no other case, seems to indicate the legislative intent that the rule in force as to absent witnesses at the time of the adoption of the Code should not be abrogated or modified. While the courts are not absolutely bound by this seeming intention, it is at least worthy of consideration when we are asked to make an innovation upon what appears to be an established rule of practice.
We regard the instructions given in this ease as altogether unobjectionable.
For the single error in the admission of incompetent evidence the judgment of conviction is reversed and the cause remanded for a new trial upon principles not inconsistent with this opinion.