### WILLIS PROCTOR *v.* COMMONWEALTH.

**Criminal Law—Evidence—Dying Declarations.**

> In order to make a dying declaration admissible, the deceased must have believed, at the time it was made, that he was at the point of death. He must have been at the time without hope or expectation of recovery.

#### APPEAL FROM SCOTT CIRCUIT COURT.

June 12, 1877.

OPINION BY JUDGE PRYOR:

It is well settled that when a dying declaration is offered in evidence the deceased must have believed at the time it was made that he was at the point of death. It must have been made with a full apprehension of the declarant's danger and the words spoken under a sense of impending dissolution. In other words, the deceased at the time must have been without expectation or hope of recovery. This state of fact must be shown before the court will permit the declaration to go to the jury.

In this case an important inquiry is, was the deceased at the time the declaration was made in a condition to apprehend his danger, so as to be impressed with the idea of impending death, and to give a clear and intelligent statement of what transpired at the time of the difficulty between himself and the accused.

The attending physician states that the suffering of the deceased was intense, and that he administered morphine at once and continued to administer it until he died. He was sleeping when the draftsman of the declaration reached his home and had to be aroused from time to time in order to make the statement. In the language of the witness, "I would check him in his statement, and he would doze off, and when I was ready I or some one would speak to him and he would arouse up and then go on again."

The witness is not able to state positively that the language used by him embraced the ideas intended to be conveyed by the deceased, but thinks it did. The proof also conduces to show that the parties were under the influence of liquor at the time of the shooting, and perhaps

neither in a condition to give a clear statement of what transpired. The accused had no means of cross-examining the party at the time the declaration was written, and therefore the necessity of knowing that the party making the declaration was at the time in such mental condition as enabled him to fully comprehend the obligation of an oath and to make accurate statements of the matters about which he was called to speak.

That one in the condition of the deceased, when he made the statements, must necessarily have omitted many facts that were essential to be known by the one party or the other, we think cannot be questioned. While he seems to have been conscious of what was going on and doubtless knew that his statement of the difficulty was being reduced to writing, still his condition was such as placed much doubt upon his capacity to make a clear statement of what transpired at the time of the shooting or to comprehend fully the character of the declaration he was called on to make. Under such circumstances his statement should have been excluded.

The testimony of John Nutter detailing his conversation with the deceased was incompetent. This witness says that the deceased was conscious of approaching death, but gives no fact upon which that opinion is based, and besides gives statements of the deceased with reference to matters not directly connected with the shooting. See *Collins v. Commonwealth,* 12 Bush 271.

For the reasons indicated the judgment is *reversed* and cause remanded with directions to award appellant a new trial and for further proceedings consistent with this opinion.

*J. E. Cantrill, for appellant.   T. E. Moss, for appellee.*