## JAMES DRAKE *v.* COMMONWEALTH.

**Criminal Law—Dying Declaration.**
　　　A declaration, made by one suffering from an injury after he is informed by the surgeon that he can only live a short time, he believing what is told him, is admissible as a dying declaration against one accused of his murder.

**Facts Stated in Dying Declaration.**
　　　It is incumbent on the prosecution in a murder trial not only to show that a declaration offered in evidence was made in the view of approaching death, but the facts stated in such declaration must have such relation to the act of killing as renders them admissible in evidence, and where other evidence introduced by the prosecution shows that there was a considerable interval between the facts first stated and the fatal meeting, the part of the declaration pertaining to the facts first stated should be rejected.

**Dying Declarations Not Required to Be in Writing.**
　　　The law does not require dying declarations to be reduced to writing, and where they are written they are not required to be attested. Oral declarations may be admissible in evidence.

### APPEAL FROM FAYETTE CIRCUIT COURT.

November 10, 1879.

OPINION BY JUDGE COFER:

The surgeon repeatedly told the deceased that there was no hope of his recovery. The deceased sent for Cooper on Saturday to

write his declaration, and died on Wednesday following. He told Cooper he knew he could not get well and that his death was only a question of time. When considered in connection, these facts seem to us sufficiently to prove that the declaration was made in expectation of near approaching dissolution. That he believed what his surgeon had repeatedly told him is shown both by his declaration to Cooper and the fact that he desired to make a statement of the facts of the difficulty in which he was injured.

That part of the declaration which relates to what took place while the deceased was sitting on Kearney's porch did not relate to the act of killing, and the circumstances immediately attending it and forming part of the res gestæ. Leiber v. Commonwealth, 9 Bush 11. The attorney general contends that this does not appear on the face of the declaration, and that in passing upon the question of admitting it in evidence the court must consider the declaration as it appears, and admit or reject it without reference to other evidence which may tend to show that some of the facts detailed occurred at another time and place.

We do not concur in either of the propositions.

The deceased said "Mr. Drake, after passing up and down on the pike several times, took a seat on his steps on the pike" and then goes on to say "Me and my brother John started home when he called to us; we stopped until he came up, when my brother John said to him, 'You are old enough to have some sense,' etc., and while they were talking his wife came up with a gun." This shows that there was an interval of greater or less duration between the time when the deceased sat on Kearney's porch and the meeting of the parties as the two Ryans were proceeding to the home of John, and as only facts and circumstances immediately attending the act of killing are admissible, it is incumbent upon the prosecution to show facts stated in a dying declaration offered in evidence have such relation to the act of killing as renders them admissible in evidence. It is not enough that on the face of the declaration they do not appear to have been disconnected from the res gestae.

The other evidence introduced by the commonwealth shows clearly that there was a considerable interval between the facts first stated, and to which we have been referring, and the fatal meeting, and on that ground that part of the declaration referred to should have been rejected.

But we are of the opinion that its admission was not prejudicial to the substantial rights of the prisoner. The facts stated by the deceased were proved by other witnesses and seem not to have been controverted on the trial. They occurred on a street of the village of Donerail, and that no witness was offered to counteract the statement of the witnesses for the prosecution as to what occurred there tends to show that the defense did not dispute these facts. The prisoner was found not guilty of murder and consequently, the tendency of this part of the dying declaration to prove malice did not prejudice him in that respect, and as their bearing upon the question of self-defense was only collateral and by no means strong, we think it clear that he was not prejudiced by the admission of that part of the declaration we have been considering. The residue of the statement was clearly admissible as relating to res gestae.

It is next objected that there are three attesting witnesses to the paper, only one of whom was called as a witness to prove the declaration. The law does not require dying declarations to be reduced to writing, and if written does not require that it shall be attested, and when this is done it is not necessary to produce more than one of the attesting witnesses. 1 Wharton on Evidence, Sec. 729.

That the court, on objection to the admission of the declaration, struck out a considerable portion, furnished no reason why so much of the residue as would have been competent, if standing alone, should not be read. The declaration not being required to be written, so much of it as was competent could not be rejected because there was incorporated with it matter that was incompetent.

Although the opinion in *Lieber v. Commonwealth, supra,* does not show it, the fact is shown by the record that the declaration offered in evidence was in writing, and the court held that the court below erred in admitting a portion of it, but did not intimate that the whole was inadmissible because a part was so.

The bill of exceptions recites that "The court on motion instructed the jury as follows." This is followed by the instructions given, and they are followed by this: "To which instructions the defendant excepted and still excepts," etc. From this language we must assume that the instructions were given on motion of the commonwealth, and as the record does not show that they were objected to

we cannot consider them. Sec. 282, Criminal Code; Sec. 333, Civil Code; *Loving v. Warren County,* 14 Bush 316.

Wherefore the judgment is *affirmed.*