[10,520.—Department One.]

## PEOPLE *v.* JOHN HURLEY.

INSTRUCTION—CRIMINAL PRACTICE—LARCENY—POSSESSION OF STOLEN PROPERTY.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the County of Humboldt. HAYNES, J.

*S. M. Buck,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

The COURT:

The indictment charges defendant with the crime of grand larceny, alleged to have been committed in the county of Humboldt on the 25th of October, 1879. The transcript shows an entire absence of evidence to establish that the alleged offense was committed in the county of Humboldt.

The Court below, among other things, charged the jury as follows: "If you believe the property was stolen, as charged in the indictment, and that defendant was found in the guilty possession of the hides of said steers, the fruits of his own larceny of them, shortly after they were stolen, the failure of defendant to account for such possession satisfactorily to your minds, or to show that such possession was honestly obtained, is one circumstance tending to show his guilt; and Hurley must explain satisfactorily his possession of them, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts.

This, in effect, is an instruction that if the jury are convinced of the guilt of the defendant, then the failure of defendant to

account for the recent possession of the stolen property leaves undisturbed the effect of such possession as a circumstance to be considered as tending to establish his guilt. The Court may have intended to instruct the jury, that, if the defendant was in possession of property stolen, shortly after it had been stolen, this was a circumstance tending to show his guilt, which it was for the defendant to explain away. But if, as the jury were instructed, they were to consider the effect of such recent possession, unexplained, only after they had already determined the guilt of the defendant, and when it was unnecessary to consider, as the foundation for their verdict, either the recent possession, if it existed, or the defendant's explanation of it, the instruction was meaningless in itself, and calculated to mislead the jury by suggestions of " guilty possession," and that the property was a portion of the " fruits " of defendant's larceny. Merely giving an instruction, which of itself cannot convey a distinct idea of any legal proposition, may not always be a fatal error; but when an instruction is confused and uncertain, or fails distinctly to lay down the law, while at the same time it contains hypothetical suggestions of the defendant's guilt, it is manifest that its effect must be injurious to the rights of the party on trial. The injurious effect of the instruction upon the rights of defendant could not but have been added to by the use of the language in the last clause, to the effect that the recent possession was to be considered in connection with " other suspicious circumstances."

The Court also instructed the jury: " If you believe that Hurley (defendant) willfully failed to produce the hides he claims came off the animals butchered, by willfully suppressing, destroying, or sending them out of the county, so that they could not be produced upon this trial, the presumption of law is, that their production would be adverse to him." It is true, that where one willfully suppresses testimony, the presumption is, that such testimony, if produced, would be adverse to him. But the Court here also told the jury, in effect, that if the defendant willfully failed to produce certain hides by willfully sending them out of the county, so that they could not be produced upon the trial, this circumstance also raised a presumption of law that the production of the hides would be injurious to him.

In the absence of a purpose to suppress the evidence, the circumstance last alluded to would not raise any such presumption.

Judgment and order reversed, and cause remanded for a new trial.