## THE STATE v. PORTER.

1. **Criminal Law**: WITNESS NOT EXAMINED BEFORE GRAND JURY. The state offered on the trial a witness who had not been before the grand jury. She had written a statement of what she would testify to, and sent that to the grand jury, and the same was attached to the indictment, and purported to be evidence taken before the grand jury; and her name was indorsed on the back of the indictment. *Held* that the admission of her testimony was error, under section 4421 of the Code.

2. **Witnesses**: IMPEACHMENT : CORROBORATION. A witness may be impeached by showing that he made statements out of court contradictory to his evidence as a witness; but evidence that he made statements out of court in harmony with his evidence is not admissible in rebuttal, for the purpose of corroboration.

3. **Criminal Evidence**: STATEMENTS OF DECEASED WITNESS BEFORE GRAND JURY. A grand jury which sat prior to the one which found the indictment in this case made inquiry as to who committed the crime charged herein, but found no indictment. At that inquiry one H., who died before the trial, was present as a witness and gave testimony, but no attorney for the state was present. The defendant in this case sought to prove by a member of that former grand jury what H. said in his testimony. *Held* that the offered evidence was properly excluded. Whether the case would be different had the attorney for the state been present when the testimony was given, *quaere*.

4. **Criminal Law**: ALIBI : INSTRUCTION. Where there is evidence tending to establish an *alibi*, a proper instruction in relation thereto should be given, especially when asked.

5. **Instruction**: NO EVIDENCE TO SUPPORT. An instruction that defendant could be convicted if he aided or assisted in the commission of the murder charged was erroneous, where the evidence showed that, if he was guilty at all, he fired the fatal shot, and did not assist another.

6. ———— : INDICATING EFFECT OF TESTIMONY. It was error for the court in an instruction to speak of "circumstances introduced in evidence tending to connect the accused" with the offense charged in the indictment, since it was for the jury alone to determine the tendency of the evidence.

The State v. Porter.

*Appeal from Webster District Court.*—Hon. D. D. Miracle, Judge.

Filed, June 7, 1888.

Indictment for murder in the first degree. Trial by jury. Verdict, guilty of manslaughter; and judgment thereon. Defendant appeals.

*M. D. O'Connell* and *Dolliver & More,* for appellant.

*A. J. Baker,* Attorney General, for the State.

Seevers, C. J.—I. Mary Blakely was introduced as a witness for the state. Her name was indorsed on the back of the indictment, but she was not examined as a witness before the grand jury. She wrote a statement of what she would testify to, and sent that to the grand jury, and the same was attached to the indictment, and purported to be evidence taken before such jury. The defendant objected to the witness' testifying, because she had not been examined by or testified before the grand jury. The objection was overruled, and the defendant excepted. It is provided by statute that the state "shall not be permitted to introduce any witness who was not examined before the grand jury, and whose evidence was not taken down by the clerk of the grand jury, and presented with the indictment." Code, sec. 4421. As Mrs. Blakely was not a witness before the grand jury, the court ignored and disregarded the express words of the statute, and erred, we think, to the defendant's prejudice. It is impossible to know the effect which the statement made by Mrs. Blakely, not under oath, had upon the grand jury. If she had been examined before such jury, her evidence might have been so materially different from the statement that no indictment would have been found. Besides this, a disregard of the material portion of the statute, which is of a mandatory character, must be conclusively presumed to be prejudicial.

<div style="margin-left:2em; font-size:small;">
1. CRIMINAL law : witness not examined before grand jury.
</div>

II.   Ira Vail was examined as a witness on the part
of the state, and gave evidence tending to show that
the defendant, in a conversation, had made
certain statements of a material character.
The defendant introduced evidence tending
to show that Vail, on more than one occa-
sion, denied that defendant had made any such state-
ments.   The state in rebuttal, against the objection of
the defendant, was permitted to prove by the wife of
said Vail that he had told her, shortly after or before
the homicide, that the defendant had made such state-
ments.   That a witness may be impeached by showing
that he made statements out of court contradictory to
his evidence as a witness is the well-settled rule ; but
evidence that he had made such statements, for the pur-
pose of corroborating his evidence as a witness, is not,
we think, admissible.   We are of the opinion that there
is no authority which supports the ruling of the court,
and upon principle we think it cannot be sustained, for
the reason that the evidence is clearly hearsay.

*2. Witnesses : impeachment. corroboration.*

III.   Prior to finding the indictment under consid-
eration, and at a previous term of court, a grand jury
investigated and made efforts to ascertain
who had killed the deceased, but no indict-
ment was found.   Witnesses were exam-
ined, and, among others, one Hollis, who
had deceased prior to the trial, who gave
evidence before the grand jury ; but there is no evidence
tending to show that any attorney representing the state
was present at the time.   The defendant offered to prove
by one of the grand jurors what said witness testified to
before such jury.   To this the state objected, and the
objection was sustained.   In so holding we do not
believe the court erred.   This is a case of first impres-
sion.   No authority has been cited in favor of or against
the ruling of the court.   That evidence of a deceased
witness given on a trial may be shown on a subsequent
trial, or where the evidence of such person has been

*3. Criminal evidence : statements of deceased witness before grand jury.*

given before an examining magistrate, upon a preliminary inquiry as to whether there are reasonable grounds for believing a named person has committed a specified crime, is well settled. But there was not in this case any person charged with. this crime. The grand jury were simply investigating and inquiring who was the guilty person. In performing their duties, evidence was elicited which, it will be conceded, had a tendency to show that the defendant was not the guilty person. But as he was not charged, and was not a party to the inquiry, we do not think he can show, when he is on trial upon an indictment subsequently found, that evidence material to his defense was given by a deceased witness before some prior grand jury who were endeavoring to ascertain who had committed the crime with which he is charged. Originally, provision was made for a grand jury as a barrier to the arbitrary star-chamber encroachments of the crown upon the rights of the citizen. It is simply a court of inquiry, and, under the statute, in performing its duties, may call any person before it, whether favorable or unfavorable to the prosecution. The evidence is usually given in a narrative form, and of a meager character. It is certain that the state could not introduce the evidence of a deceased witness given before a grand jury upon the trial of any person for an offense, for the reason that the right to cross-examine the witness did not exist. While the state may be represented before the grand jury by the prosecuting attorney, it was not so represented in this case. We therefore have no occasion to determine whether the evidence offered would be admissible if he had been present and taken part in the proceeding.

IV. There was evidence introduced tending to establish an *alibi*, and the court refused an instruction upon that question. The instruction asked, or one of similar import, should have been given. Complaint is made that the court instructed the jury that the defendant could be convicted if he aided or assisted in the commission of the

5. INSTRUCTION: no evidence to support.

homicide, and there is no evidence tending to show that he did so. This is true, for the defendant, if guilty, fired the fatal shot, and did not aid or assist any other person in so doing. Upon another trial, unless the evidence is materially different, no instruction like that above stated should be given.

V. The court said to the jury that, "in determining upon the character and weight to be given to the

6. ——: indicating effect of testimony.

circumstances introduced in evidence tending to connect the accused" with the offense charged in the indictment, they should consider certain things or matters, to which the attention of the jury was called in a lengthy instruction. It was for the jury to say whether the evidence tended to connect the defendant with the crime charged, and therefore the court, no doubt inadvertently, usurped the province of the jury. There are other instructions which are criticised by counsel, which we do not deem it necessary to set out, or more particularly refer to, for the reason that upon another trial the criticisms of counsel will, no doubt, be considered by the court, and proper instructions given. The defendant did not testify in his own behalf, and we are constrained to say, in view of a new trial, that counsel for the state, in addressing the jury, made use of language which, it seems to us, had the tendency, though possibly not purposely so intended, to prejudice the defendant, because he had not testified in his own behalf. This is prohibited by statute, and counsel should refrain from so doing upon another trial.

It is insisted that the verdict is not sustained by the evidence. After much reflection, we have concluded, as there must be a reversal for other reasons, and as the evidence may be different on another trial, that we should not express any opinion on this subject.

REVERSED.