[No. 20554.  Department One. — October 24, 1889.]

# THE PEOPLE, RESPONDENT, *v.* WILLIAM LANA-GAN, APPELLANT.

CRIMINAL LAW — MURDER — SHIFTING OF BURDEN OF PROOF. — In a prose-cution for murder, an instruction to the effect that upon the homicide being proved by the prosecution the burden of proof shifts to the de-fendant to prove circumstances of mitigation or justification by a pre-ponderance of evidence, is erroneous. (*People* v. *Bushton*, 80 Cal. 160, and *People* v. *Elliott*, 80 Cal. 296, affirmed.)

ID. — ACCELERATION OF DEATH — INSTRUCTION ASSUMING GUILT. — In a prosecution for murder, an instruction that "if the death of the de-ceased was accelerated by the violence of the prisoner, his guilt is not extenuated because death might, and probably would, have been the result of any disease with which the deceased was afflicted at the time of the violence," — is erroneous, as assuming the guilt of the defendant, there being evidence on his behalf tending to show that the only blows given to the deceased were with the fists, and were given in self-de-fense.

ID. — INSTRUCTION. — On the trial, the court instructed the jury "that if they believed, from the evidence, beyond a reasonable doubt, that the defendant did knock, beat, kick, and stamp the deceased as charged in the information, . . . . and that at the time of such beating . . . . the deceased was, and for some time prior thereto had been, suffering from peritonitas and pneumonia, still, if the jury further believe, from the evi-dence, beyond a reasonable doubt, that the death of the deceased was hastened by the beating . . . . inflicted on him by the defendant, the fact that the deceased was suffering from peritonitas and pneumonia at the time of the beating . . . . does not extenuate the defendant's guilt." *Held*, that the instruction did not assume the guilt of the defendant, and was proper.

ID. — DYING DECLARATIONS — OPINION AS TO CHARACTER OF INJURY. — Statements of the deceased, which are mere matters of opinion as to the character of the particular injuries of which he was dying, are not ad-missible as dying declarations.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

On the trial, the court, *inter alia*, instructed the jury as follows: "Up to the moment when the killing is proved, the prosecution must make out its case beyond any rea-sonable doubt. When the killing is proved it devolves upon the defendant to show any circumstances in miti-

gation to excuse or justify by a preponderance of evidence on his part; that is, the killing being proved, the defendant must make out his case in mitigation to excuse or justify by some proof stronger in some appreciable degree than the proof of the prosecution. The burden of proof changes." The second instruction given at the request of the prosecution is stated in the *syllabus.* The further facts are stated in the opinion of the court.

*Henry T. Gage,* and *John Robarts,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Fox, J. — Information against the defendant charging him with the crime of murder. Conviction of manslaughter. Motion for new trial denied, and defendant appeals.

One of the charges of the court to the jury is copied from the charge in *People* v. *Hong Ah Duck,* 61 Cal. 394, and is the same charge which was repeated in *People* v. *Bushton,* 80 Cal. 160. There, after mature consideration, it was held to be erroneous. On the authority of that case, the judgment and order appealed from in this case must be reversed. (See also *People* v. *Elliott,* 80 Cal. 296.)

As the case will go back for new trial, we are asked also to consider other points made on this appeal.

The court, at the request of the prosecution, gave the following charge: —

"If the death of the deceased was accelerated by the violence of the prisoner, his guilt is not extenuated because death might, and probably would, have been the result of any disease with which the deceased was afflicted at the time of the violence."

The charge is quoted from an approved text-writer, and in a proper case may be accepted as sound law. But in this case it was insisted, and there was evidence tending to show, that the only blows given to the de-

ceased by the prisoner were given with the fists only, and were given in self-defense; also, that the deceased died of disease produced by injuries received otherwise than at the hands of defendant. It might, therefore, be that the "violence of the prisoner" was not unlawful. If it was not, then no guilt would flow from it, even if death had resulted from such violence. It follows, under these circumstances, that this charge may have been misleading to the jury, and from it they may have assumed the guilt of the defendant, when with a proper modification they would not have done so. Instructions should not, directly or indirectly, assume or hypothetically suggest the guilt of the defendant. (*People* v. *Williams*, 17 Cal. 142; *People* v. *Hurley*, 57 Cal. 145.)

The exception to the second charge given by the court to the jury at the request of the prosecution is not well taken. It is not open to the criticism of assuming the guilt of the defendant, as claimed by appellant; but simply holds that if the jury find certain facts (of which they must be satisfied beyond a reasonable doubt) from which the law presumes him to be guilty, then his guilt is not extenuated by reason of the existence of certain other designated facts; and it correctly states the law on that subject.

What is claimed to have been oral, dying declarations of the deceased were given in evidence. Among the declarations of deceased so given in evidence were not only statements of fact as to what occurred between himself and the defendant, but also his *opinion* as to the character of the particular injuries of which he was dying. Objection was made to the evidence of this *opinion* of the deceased, and exception taken to the order overruling such objection. This exception is well taken. Matters of *opinion* in dying declarations are not admissible. (*People* v. *Taylor*, 59 Cal. 650; *People* v. *Wasson*, 65 Cal. 538.)

A dying declaration can only be admitted after first

showing that the person who makes it believes that he is about to die, and has no hope of recovery. It being shown that he entertains that belief, then, upon the assumption that he is likely to tell the truth under such circumstances, the statements which he makes in that connection, detailing the facts and circumstances under which he has received any injuries from which he may be suffering, and how, or at whose hands, they were received, are admissible in evidence, to be weighed by the jury like any other evidence in the case. But even then his *opinion* is not to be received as to whether he is dying of wounds or of disease; or as to what particular injuries (if there be several of them) are causing his death.

We perceive no other prejudicial error.

Judgment and order reversed.

WORKS, J., and PATERSON, J., concurred.