## STATE OF IOWA v. CHARLES LEE, Appellant.

1 **Joint Indictment: Acquittal of One Indicted.** The acquittal, on separate trial, of one of two jointly indicted for murder in the first degree does not prevent the trial of the other for that offense. Under our statute, this would be so, even if the latter were simply charged with being an accessory before the fact.

8 **Criminal Charge: Directing Verdict.** Where defendant testifies that the killing was accidental, it is error to charge that there must be a conviction for either murder or manslaughter. Whether a verdict can be directed in such cases, where there is no conflict in evidence, is not decided.

**Evidence: Other Crimes: Res Gestae.** Ordinarily, proof of other crimes is inadmissible, but where there was a general agreement to rob, and to shoot if resisted, it is proper to show attempts to rob others within a few hours of the killing charged, to aid in understanding the causes leading up to the killing.

**Challenge for Cause.** It is error to sustain a challenge *for cause* made by the state, because a juror is opposed to the death penalty.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

## SATURDAY, SEPTEMBER 29, 1894.

THE defendant was tried for the crime of murder in the first degree, was found guilty of murder in the second degree, and was adjudged to be imprisoned in the penitentiary at Anamosa at hard labor for the term of twenty years. From that judgment he appeals.— *Reversed.*

*Alphons Matthews* for appellant.

*John Y. Stone,* Attorney General; *M. C. Matthews,* County Attorney, and *Thos. A. Cheshire* for the state.

ROBINSON, J.—The indictment charges that on the twenty-third day of November, 1891, the defendant

and Bernard Hansen committed the crime of murder
in the first degree in Dubuque county by feloniously
taking the life of one Leonard Lochner. It appears
that Lochner was the driver of a street car in the city
of Dubuque. At about 8 o'clock in the evening of the
day specified, his car was in the northern part of the
city, moving southward, and he was on the front
platform. The defendant suddenly stepped onto the
platform from the left side, and, presenting two re-
volvers, demanded Lochner's money. At the same
time, Hansen ascended the platform from the right
side, holding a revolver in his hand. Lochner threw
up one of his hands, and pushed away a revolver held
by the defendant. At about that time, one of them
was discharged without effect, and a moment later, a
ball from Hansen's revolver struck Lochner, and in-
flicted the wound which caused his death.

I. The defendant and Hansen were jointly in-
dicted for the crime charged, and Hansen was first
tried, and was convicted. The defendant pleaded in
writing that he was not guilty; that Hansen was
the principal in the shooting, and had been tried
and convicted of the crime of murder in the second
degree; and that the defendant could not be placed on
trial for a crime of a degree higher than manslaughter;
and that he objected to being so tried. The objection
was disregarded, and he was tried for the crime of
murder in the first degree. The indictment charges in
formal terms that both defendant and Hansen, while in
the perpetration of a felony, made a premeditated and
malicious assault upon Lochner with deadly weapons,
with the specific intent to take his life. It also charges
that the wound which caused his death was inflicted
with the intent to kill him, by Hansen, and that defend-
ant was present aiding and abetting. We are of the
opinion that the indictment charges the defendant as
a principal, and not merely as an accessory; and this

is true, not because the statute of this state has abolished the distinction between an accessory before the fact and a principal, but for the reason that the facts charged show that he was present, and actively engaged in the assault with intent to commit murder, and that he aided Hansen to fire the shot which took the life of Lochner. See 1 Whart. Cr. Law, sec. 220. It is said that the indictment shows that the defendant could not have been guilty of an offense of a higher degree than that committed by Hansen; that he was acquitted of the crime of murder in the first degree; and that his acquittal necessarily operated as an acquittal of the defendant of that offense; therefore, that it was error to put him on trial for it. Authorities are cited by appellant to sustain this claim; but an examination shows that most, if not all, of them, merely announce the common-law rule that an accessory before the fact can not be convicted unless the principal has been convicted previously, or is tried and convicted with the accessory, and that in such case, the acquittal of the principal operates to acquit the accessory. See *Mc-Carty v. State*, 44 Ind. 214; *Bowen v. State*, 25 Fla. 645, 6 South. Rep. 459. That rule has no application under a statute which makes the crime of the accessory substantive and independent. 1 Whart. Cr. Law, sec. 237. Section 4314 of the Code is as follows: "The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried and punished as principals." Hence, had the indictment shown that the defendant was charged with acts which would have made him an accessory at common law, he would have been indicted and tried as a principal, without regard to the convic-

tion of one who, at common law, would have been a principal. The facts charged show that the defendant was not merely a common law accessory before the fact, but that he was present, armed with deadly weapons, and participated in the assault with the intent to commit murder, and that he aided and abetted in the firing of the shot which caused the death of Lochner. The guilt of defendant did not necessarily depend upon the guilt of Hansen, and the acquittal of the latter of the crime of murder in the first degree, did not operate to acquit the defendant of that offense. We are of the opinion that he was rightly placed on trial for it.

II. A juror of the regular panel, while being examined as to his qualifications to act as juror in this case, stated that he had conscientious scruples against the infliction of the death penalty, and that he could not conscientiously agree to a verdict which should fix that penalty. Thereupon, the state challenged the juror for cause, and the challenge was sustained. Two other jurors gave similar answers, and were excused for cause, on the challenge of the state. In this we think there was error. The statute provides that in a criminal action a challenge for cause may be made for any of fifteen grounds, which are enumerated. They do not include the cause for which the challenges in question were made. That was a ground of challenge for implied bias, under section 4771 of the Revision of 1860, but it was omitted from the Code, and has ceased to be a ground of challenge for cause. In *State v. Dooley*, 89 Iowa, 584, 57 N. W. Rep. 415, we held that the examination of a person summoned as a juror, in regard to his opinion respecting the infliction of the death penalty, was proper, not to ascertain if a ground upon which to challenge for cause existed, but as a guide in exercising the right of peremptory challenge. It can not be said that the state

is entitled to have the punishment by death inflicted in any case. The statute authorizes that punishment, in the discretion of the jury, when a person is convicted of murder in the first degree; but the state has no right to a trial by jurors who have no objection against inflicting the death penalty, except as it can secure them by challenging peremptorily those who have such objections.

III. Hansen testified, in substance, that he and the defendant went to the old race track in or near Dubuque at about 4 o'clock in the afternoon; that they there planned to rob people who traveled the road; that it was agreed between them that they were to go on the opposite sides of the persons to be robbed, and if either was stopped, the other was to shoot; that a man came along in a wagon, and the witness went on one side of him and the defendant on the other; that the latter presented his revolver and demanded money of the man; that he said he had not any, and was told by the defendant to drive on and not to look back; that a woman in a wagon was the next one to appear; that the witness went on one side of her and the defendant on the other; that the latter ordered her to give him her money, but she would not stop; that defendant ran after her and stopped the horse, when she threw down her pocketbook, which was picked up by him; that they then went to certain shops, and then over the hills to the place where the robbery of Lochner was attempted, planning it as they went. Objection was made to the testimony of Hansen in regard to the attempt to rob the man and the robbing of the woman near the old race track. We are of the opinion that it was properly admitted. It is true, as a general rule, that evidence of one crime is not competent to prove another, but the time which elapsed in this case from the making of the alleged plan to commit robberies to the shooting of Lochner did not

exceed four hours. The plan included several robberies, and all that was done was done in pursuance of that plan, either as originally made or as it was modified during the afternoon and evening. Proof of what was done in the afternoon may have been wholly unnecessary to show the intent with which the attack on Lochner was made, but the events of the day were so linked together that it was competent to show them all, in order that the causes which led to the shooting might be fully understood.

IV. The district court charged the jury in regard to the reasonable doubt which would require them to acquit the defendant of the crimes of murder in the first and second degrees, and then instructed the jury as follows: "If you have such a doubt of the defendant's guilt as to both degrees of murder, your verdict should be manslaughter, as, under the uncontradicted evidence and defendant's admission before you, the killing of Lochner was unlawful, and while the defendant was engaged with another in the perpetration of a robbery on the person of said Lochner." The defendant was a witness in his own behalf, and testified that he voluntarily engaged with Hansen in the attempt to rob Lochner, but he does not admit that the shooting was done to effect the robbery, nor that it was a natural and probable result of the attempt to accomplish it. On the contrary, he claims that he was pushed from the car by Lochner, and that, although one of his pistols was discharged, the discharge was not intended, but resulted from the pushing he received, and was harmless; and that after he left the car, and after the attempted robbery had been abandoned, the shot which killed Lochner was accidentally fired. Hansen testified that he was thrown to the ground, and his revolver accidentally discharged by a jerk which the car horses gave at the report of defendant's pistol. The defendant denies that he was

in any manner responsible for the killing of Lochner. It was the right of the defendant to have his guilt, if any, and its degree, determined by the jury. The court was not authorized to assume that a controverted fact had been established by the evidence, but should have submitted it to the determination of the jury. *State v. Porter,* 74 Iowa, 627, 38 N. W. Rep. 514; *State v. Robinson,* 20 W. Va. 743; *Boswell's* case, 20 Grat. 877; *People v. Lanagan,* 81 Cal. 142, 22 Pacific Rep. 482; *People v. Williams,* 17 Cal. 146; *Sharp v. State,* 51 Ark. 147, 10 S. W. Rep. 228; *Hamilton v. People,* 29 Mich., 175; *Leiber v. Com.* 9 Bush, 11; Cooley, Const. Lim., sec. 321. It follows that the court erred in charging the jury to find the defendant guilty of manslaughter if they acquitted him of the crimes of murder in the first and second degrees. Whether, if the evidence had shown without conflict that the defendant was guilty of the crime of manslaughter, if not of an offense of a higher degree, the court would have been authorized to direct a verdict, is a question not really involved in this case, and which, therefore, we do not determine.

V. Numerous other questions have been discussed in argument which are not likely to arise on another trial, and will not, therefore, be specially noticed. Those we have determined, are controlling. For the errors pointed out, the judgment of the district court is REVERSED.