OF

## THE STATE OF IOWA

`AT

### DES MOINES, OCTOBER TERM, A. D. 1896,

AND IN THE FIFTY-FIRST YEAR OF THE STATE.

---

STATE OF IOWA, v. GEORGE S. SMITH, Appellant.*

**Principal and Accessory:** CONSTRUCTION OF STATUTE. Under Code, section 4314, which abrogates the distinction between an accessory before the fact and a principal, making both principals, it is error to charge, no conspiracy being involved, that a defendant who did not actually commit the act constituting the crime, which was committed by another, is guilty, if at all, of whatever offense the evidence shows such other to have committed. This statute simply changes the crime to a substantive one, and makes it so far independent that one who would have been an accessory at common law, may be dealt with as a principal, without reference to the prosecution of him who would, at common law, have been the principal.

**Defense of Dwelling House:** "DWELLING HOUSE" DEFINED. The fact that a man sleeps and keeps his clothes in the back part of a room used as a store, under an agreement with the tenant, does not

---

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

justify him in defending the building against intruders, as his dwelling house or private habitation.

**Self Defense:** APPREHENDED DANGER, An instruction which makes the right of self defense depend upon the actual necessity to protect one's self, and not upon the existence of reasonable ground for believing that it is necessary, is erroneous.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

## WEDNESDAY, DECEMBER 9, 1896.

THE defendant was accused of the crime of assault with the intent to commit murder, tried by jury, found guilty, and adjudged to be imprisoned in the state penitentiary at Anamosa, at hard labor, for the term of one year and eight months. From that judgment, he appeals.—*Reversed.*

*Bailey & Murphy, Joe A. Edwards,* and *Hedges & Rumple* for appellant.

*Milton Remley,* attorney general, for the state.

ROBINSON, J.—On the thirteenth day of August, 1895, R. P. Jones, the sheriff of Johnson county, had for service an order, issued by a justice of the peace, for the removal of the defendant, "and store goods and office furniture," from a certain building in a village of Johnson county. He found the premises described in the order occupied by the defendant and his brother, John T. Smith, with a small stock of medicines and some groceries. When the sheriff made known his business, the defendant, who is a physician, moved the medicines out of the building, but claimed that the groceries belonged to his brother. The latter was not named in the order, and claimed that the sheriff had no right to remove him or his property from the building. The sheriff insisted upon his right to do so, and,

while attempting to enter the building after the defendant had left it, John T. Smith discharged at him a gun. The shot with which the gun was loaded missed the sheriff, but hit four children, who were on the opposite side of the street. It is claimed that defendant was accessory to the act.

I. The court gave to the jury an instruction as follows: "(5) It is the law of this state that all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, even though not present, are equally guilty with the principal, and are subject to the same punishment, and guilty of the same offense, as the person who actually does the act which constitutes such offense; and in this case, the defendant, if guilty at all, under the evidence, is guilty only as aiding or abetting the said John T. Smith in the commission of the crime charged in the indictment, or some of those included therein." Also: "(13) * * * The defendant, if guilty at all, is guilty of whatever offense was committed by the said John T. Smith, if any; and if he is not guilty of such offense, if any, as was under the evidence committed by John T. Smith, then he cannot be found guilty of any offense under this indictment, and he must be acquitted." These instructions, although in different paragraphs of the charge, are properly considered together. It is our opinion, that they announce an erroneous rule of law. Section 4314 of the Code is as follows: "The distinction between an accessory before the fact and a principal, is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried, and punished as principals." The effect of this provision is to make the offense of one who, at

common law, would have been an accessory before the fact, substantive, and so far independent that he may be indicted, tried, and punished, and as a principal, without regard to the prosecution of the person who, at common law, would have been the principal. The guilt of a person who aids or abets the commission of a crime must be determined upon the facts which show the part he had in it, and does not depend upon the degree of another's guilt. See *State v. Lee*, 91 Iowa, 499 (60 N. W. Rep. 119); *People v. Kief*, 126 N. Y. 661 (27 N. E. Rep. 557); *Goins v. State* (Ohio) (21 N. E. Rep. 478); *State v. Steeves* (Or.) (43 Pac. Rep. 954); *State v. Bogue* (Kan. Sup.) (34 Pac. Rep. 410); *State v. Patterson*, 34 Pac. Rep. 784; 1 Am. & Eng. Enc. Law (2d Ed.) 269; 1 Wharton, Cr. Law, section 237. In this case, the shot which endangered the sheriff was fired by John T. Smith. He may have fired it with such premeditation and malice, as to have committed the offense of an assault with intent to commit murder; yet the defendant may have abetted or counseled it in the heat of passion, without premeditation, and without malice, and thus have been guilty of the offense of assault with intent to commit manslaughter. *State v. White*, 45 Iowa, 325. It is clear that, had these been the facts, the defendant would not have been guilty of the offense committed by his brother. It should be remembered that the instructions we have set out have no reference to an act committed as the result of a conspiracy. In such a case a different rule prevails, for the reason that a conspirator engaged in an unlawful act is liable for the acts of his co-conspirators, done in pursuance of the common design. *State v. Munchrath*, 78 Iowa, 268 (43 N. W. Rep. 211). The evidence with regard to the connection of the defendant with the offense alleged to have been committed by his brother is

conflicting, and we cannot say that the error pointed out was without prejudice.

II. The district court also charged the jury as follows: "(15) It is contended by the defendants that whatever acts the said John T. Smith did were in self-defense of himself and his property. As to this, you are instructed that the said R. P. Jones was rightfully upon said premises, and had a right to enter the building occupied by John T. Smith; and the said John T. Smith would have a right under the law to use a deadly weapon in defense of his property (and a loaded shot gun is a deadly weapon), or in self-defense, only in case such use of said deadly weapon was reasonably necessary to protect his life, or to protect his person from serious bodily harm." "(16) In other words, before a person is authorized, under the law, to make an assault with a deadly weapon, he must, as a reasonable person, have reasonable apprehension of danger to his life or serious injury to his person; and such apprehension must be reasonable, or appear to him to be reasonable, under all the circumstances as presented to him at the time, and the use of such deadly weapon must have appeared to be reasonably necessary. Therefore, gentlemen, you will have to determine whether or not the shooting by the said John T. Smith was reasonably necessary, under all the circumstances, to protect his person from serious bodily injury, or to protect his life; that is, whether he, as a reasonable man, under the circumstances, apprehended danger to his life, or serious bodily harm, and whether he used the gun in defense thereof, and whether said use of said gun was reasonable. If so, he was not guilty of any offense, and the defendant herein should be acquitted." The appellant justly complains of the fifteenth paragraph, because it made the right of John T. Smith to use a deadly weapon in

defense of himself or property depend upon the actual necessity for such use, and not upon his having reasonable ground for believing that it was necessary. *State v. Shelton*, 64 Iowa, 338 (20 N. W. Rep. 459). It is claimed that the error pointed out was cured by the sixteenth paragraph of the charge, but, as the judgment of the district court must be reversed on a ground already stated, it is only necessary to say that the error should be avoided on another trial. The first part of paragraph 15 is also criticised, but, as it is made to depend upon a state of facts which may not exist on another trial, we refrain from discussing the alleged error.

III. The court refused to give to the jury an instruction asked by the defendant, in words as follows: "You are instructed to determine as to whether or not that was the dwelling house or habitation of John T. Smith, and if you find that it was his dwelling house or habitation, you are then instructed that he did not, under the law, have to retreat from it, but could defend himself, and resist intrusion, by any means, if he, as a reasonable man, had an apprehension that the party making the attempt to enter was intending to commit great bodily harm, and that his entering was for the purpose of committing said bodily harm." It is urged by the defendant that the evidence authorized the jury to find that the room in which John T. Smith carried on his business was his living apartment, in which he resided. It appears that the defendant and his brother occupied the front part of a room twelve by twenty-four feet in size for business purposes. It was separated from the back part by a partition, which extended but a part of the way across the room, and did not reach the ceiling. John T. Smith had occupied the room with the defendant for about three months, having some groceries in the front part, and sleeping and keeping a satchel and

some clothing in the back part. His occupation was by virtue of some arrangement with the defendant, who claimed that he had leased the premises, and he obtained his meals outside the building. We find nothing in the record which would have justified the giving of the instruction refused. The evidence did not show that the place was a dwelling house or private habitation, but a public place of business, to which the people of the community were expected to resort. The fact that John T. Smith slept and kept a few articles of clothing there did not change its character. In view of the conclusion reached, we find it unnecessary to consider the other questions discussed. For the reasons shown, the judgment of the district court is REVERSED.