STATE OF IOWA V. JOHN T. SMITH, Appellant.

**Assault to Murder:** INSTRUCTIONS.. A sheriff, entering premises to serve a writ of ejectment upon one occupant of the same, was shot at by another occupant, who claimed to be a co-tenant. Self defense was urged, and the court charged that the sheriff had the right to, and it was his duty to enter the building to remove the person named in said writ, though the person who shot at him was a co-tenant whom the officer had no right to expel; and said co-tenant would have the right to use reasonable force to prevent the removal. *Held*, this submits self defense fairly, and is a proper statement of the authority given the sheriff by said writ.

**Offered Instructions.** Requested instructions are properly refused where, in so far as they contain correct statements of law applicable to the case, they are included in the instructions already given.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, APRIL 7, 1897.

THE indictment was returned by the grand jury of Johnson county, and charged the defendant and his brother, George Smith, with the crime of assault with intent to commit murder. The defendant was granted a separate trial, and the place thereof, on his application, changed to Iowa county. From judgment of conviction, sentencing him to serve four years and six months in the penitentiary at Anamosa, he appeals.—*Affirmed.*

*Bailey & Murphy, Joe A. Edwards,* and *Hedges & Rumple* for appellant.

*Milton Remley,* attorney general, and *G. W. Ball,* county attorney of Johnson county, for the state.

LADD, J.—The facts in this case are identical with those in *State v. Smith*, 100 Iowa, 1 (69 N. W. Rep. 269), with the exception that this defendant is accused as principal, and the defendant in that case as accessory only. By reference to that case, it will be noticed that R. P. Jones, as sheriff of Johnson county, was attempting to serve an order issued by a justice of the peace, directing him to remove George Smith and his goods from a certain building, and put one Cupp in possession. When the sheriff entered the building, and was about to serve the order, George Smith voluntarily removed the property he claimed, and left the building. The defendant, who had some groceries there, then claimed possession, and that, as he was not a party to the action before the justice, the sheriff had no right to remove him or his groceries. After some parley, the sheriff left for assistance, but returned alone, with the purpose of removing the defendant and his property. He partly opened the screen door of the building, contrary to the warning of the defendant, who thereupon fired a shotgun at him.

I. The defendant excepts to the sixteenth instruction of the court, which is in these words: "R. P. Jones, as sheriff, was rightfully upon said premises, and had the right to enter said building so far as his duty required him to do in removing said George Smith therefrom, and in putting said Cupp in possession of that part of the building occupied by George Smith. It appears that the shooting was done by the defendant as the said R. P. Jones was about to enter said building, and defendant claims that such shooting at such time was in self-defense." The defendant claimed to have leased the room of George Smith prior to the commencement of the action before the justice, and authorities are cited

holding that, under such circumstances, the under-tenant, when not made a party, cannot be dispossessed in a proceeding against the tenant. *Leindecker v. Waldron*, 52 Ill. 285; *Bagley v. Sternberg* (Minn.) 26 N. W. Rep. 602; *Com. v. Kennard*, 8 Pick. 133. It will be noticed, however, that the right of Jones to be on the premises, and enter the building, was limited to his duty in expelling George Smith, and putting Cupp in possession of the part occupied by him. The evidence shows that George was occupying a part of the room with his goods, and was there himself. But it is claimed this was by mere sufferance. George testified he leased the room to the defendant for the purpose of keeping a grocery store. This is not inconsistent with his occupancy of a part of it, and that such occupancy was uninterruped is evidence that he did not sub-let that used by himself. The sheriff was rightfully there, for the purpose stated, and for such purpose could enter; but not so to remove the defendant or his goods, as the jury were plainly told in the fifteenth instruction. This is as follows:

"Now, defendant claims that he was conducting a store in the building where the shooting occurred, as a tenant in good faith of said premises, having entered, as he claims, before the commencement of proceedings to oust George Smith, who had been occupying the building. If this were true, and the goods belonged to him, then, under the peculiar terms of the writ, the sheriff would not have a right to remove John Smith or his goods from said premises, and the defendant would have the right to use reasonable force to prevent the removal." It was proper for the court to explain to the jury the authority given the officer by the order, and this was all that was done. The instructions fairly submitted the only defense—that of self-defense—the defendant relied on; and it was not so much a question as to

whether Jones had a right to enter as it was whether he so attempted to go in the door as to cause reasonable apprehension on the part of the defendant for his life, or great injury to his person.

II.   Complaint is made of the instructions of the court on the law relating to retreat.   This question is settled in *State v. Smith*, heretofore referred to, and we need only add that the authorities cited are not in conflict with that decision.   The instructions were more favorable to the defendant than he was entitled to have them.  .

III.   The court properly refused the eighteen instructions asked by the defendant.   In so far as they contained correct statements of the law applicable to the case, they were included in those given.   The judgment of the district court must be AFFIRMED.