## Mann v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Refusal of Continuance on Ground of Absence of Witness Held Not Abuse of Discretion, Supporting Affidavit Being Read as Deposition of Witness.—Refusal of continuance on ground of absence of witness held not abuse of discretion, where affidavit as to absent witness' testimony was permitted to be read as her deposition and was stronger than it would have been, had she been subjected to cross-examination.

2. Criminal Law.—Alleged error of court in manner of selecting jury held not reviewable on appeal, in view of Criminal Code of Practice, section 281.

3. Homicide.—In prosecution for manslaughter, admission of dying statement, "A— M— shot me; it was not accidental; it was only a waylay," held erroneous; the latter portion of such statement being inadmissible conclusion or expression of opinion.

WAUGH & HOWERTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clay—Reversing.

This is an appeal from a judgment convicting appellant of manslaughter and fixing his punishment at six years' confinement in the penitentiary.

The facts are these: Walter Hensley was shot on the night of December 4, 1924, and died five or six days later. Appellant and deceased had been friends for some time. During the preceding afternoon appellant, the deceased, Bill Billings and others met in Catlettsburg and were invited by the deceased to go out to his farm, which they did, in Billings' car. When they started the deceased had two half pints of whiskey, and doubtless they went to his farm to get more. In the car were two pistols, a 45 and a small automatic which Billings had given to the deceased to try out on a trade. They returned to Catlettsburg about nine o'clock that night. Appellant went to the home of Billings about ten o'clock and was seen with the larger pistol not only there but elsewhere before the homicide. On leaving Billings' home appellant got into a small Ford owned by Harry Combs and started to drive around town. There was a puncture or blow out in the rear tire and he drove to near where Hensley lived to get a boy to change the tire. Appellant left while the work was being done. During his absence one or two shots were heard and almost immediately appellant returned to the car and drove it off with the tire only half way on. After he was shot the deceased stated to his brother-in-law that the shooting was accidental. Subsequently he made a dying statement that Alton Mann shot him, that it was not an accident, but was only a waylay. Appellant's evidence is to the effect that he went to the deceased for the purpose of getting money to repair the tire. When about half way up the steps at the home of the deceased the deceased came up, gave appellant $2.00, and in handing the gun to appellant it went off in some way and shot deceased. Appellant took the gun and gave it to Billings the next morning. He and others also went to the hospital to inquire about deceased.

It is first insisted that the court erred in not granting a continuance on account of the absence of appellant's mother. The affidavit alleged that she was unable to be present on account of sickness, and that if present she would testify that appellant came home about eleven o'clock on the night that he was accused of shooting Hens-

ley and did not know that Hensley was shot, and that as soon as he learned that fact he went to see Hensley, and that appellant and Hensley were the best of friends, associated together constantly, and that there was no ill feeling between them. As appellant's mother had no means of knowing whether or not he knew that Hensley had been shot, and, as the affidavit was read as her deposition, it is at once apparent that the affidavit was stronger than her evidence would have been had she been subjected to a cross-examination, and we are constrained to hold that the refusal of a continuance was not an abuse of discretion. Phelps v. Commonwealth, 209 Ky. 318, 272 S. W. 743.

Another contention is that the court erred in the manner of selecting the jury. In view of section 281, Criminal Code of Practice, and the uniform decisions of this court, the error, if any, is not reviewable on appeal. Cox v. Commonwealth, 209 Ky. 787, 273 S. W. 515.

The dying declaration claimed to have been made by deceased was "Alton Mann shot me. It was not an accident; it was only a waylay," and it is insisted that the statement that it was not an accident, but was only a waylay should not have been admitted in evidence. While a few of the courts take a contrary view, the great weight of authority, and the rule prevailing in this state, is to the effect that mere conclusions or expressions of opinion on the part of the declarant are not admissible as dying declarations. Following this rule we have held that such statements as "He shot me for nothing," "He shot me without cause," and the like, should be excluded. Philpot v. Commonwealth, 195 Ky. 555, 242 S. W. 839; Rooney v. Commonwealth, 193 Ky. 723, 237 S. W. 403; Wagner v. Commonwealth, 108 S. W. 318. Here, the declarant did not undertake to describe the situation of the parties, or to state any facts leading up to, or connected with, the homicide, and we are constrained to hold that the statement that it was not an accident, but it was only a waylay, was a mere conclusion and should not have been admitted. It is true that we held in Commonwealth v. Matthews, 89 Ky. 287, 12 S. W. 333, that a dying statement by the deceased that he and the accused had been engaged in play, and that the shooting was an accident was admissible, but there the statement that the shooting was an accident was accompanied by the statement of fact that the parties were engaged in play, and the rule excluding

opinions or conclusions is not so strictly enforced where the declaration is favorable to the defendant. Haney v. Commonwealth, 5 Ky. Law Rep. 178; Henderson v. Commonwealth, 72 S. W. 781, 24 Ky. Law Rep. 1985. On another trial the court will admit only the statement "Alton Mann shot me."

We find no other error in the record.

Judgment reversed and cause remanded for a new trial consistent with this opinion.