## Forgey v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Muhlenberg Circuit Court.

1. Obstructing Justice.—Evidence held sufficient to support conviction for obstructing justice by inducing witness who was to testify against defendant in liquor case to leave state.

2. Obstructing Justice—In Prosecution for Obstructing Justice, Commonwealth May Show that Defendant Attempted to Induce Witness in Liquor Case Not to Appear.—Where defendant was charged with obstructing justice by inducing witness against him in liquor case to leave state, commonwealth may show by such witness that defendant attempted to influence him to leave, or to prevent his attendance at trial.

3. Criminal Law—In Prosecution for Obstructing Justice, Defendant's Conduct Before or After Offense, Inconsistent with Innocence, May be Proved.—In prosecution for obstructing justice by preventing attendance of witness in liquor prosecution, defendant's

conduct either before or after offense may be proved if inconsist-
ent with innocence.

WILKINS & SPARKS, for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

While appellant, Forgey, stood indicted in the Muhlenberg circuit court of the offense of trafficking in intoxicating beverages, in violation of law, the prosecuting witness disappeared and appellant was accused and indicted of the offense of obstructing justice by hiring and persuading the witness to leave the jurisdiction of the court, thus preventing a trial of the case against him. The indictment for obstructing justice averred that Forgey wilfully and corruptly obstructed the regular and orderly procedure of the Muhlenberg circuit court, wherein an indictment was pending against him charging him with a misdemeanor, "and by persuading and hiring the witness for the Commonwealth against him on the charge to leave after the case had been set down for trial at the September term of the Muhlenberg circuit court, and subpoena had been issued commanding attendance of the witness at that term of court to testify against said Forgey on said charge," and the indictment charged that "said Forgey did corruptly and for the purpose of preventing a trial and of obstructing the court in the administration of justice, hire, bribe, buy and intimidate and influence" James, the witness, to leave the Commonwealth and not appear as a witness. A trial resulted in a verdict of guilty, the punishment being fixed at $300.00 and by confinement in the county jail for six months. Forgey appealed. The sufficiency of the evidence is questioned. The witness, James, testified in substance that appellant approached him and asked him not to testify against him in the case charging unlawful selling of intoxicating beverages and persuaded him to leave the state in order that a trial could not be had, furnishing the witness money with which to make the trip. The witness was in part corroborated by the evidence of his brother and the evidence of the clerk of the circuit court. Appellant denied the charge and testified that he had not attempted to induce the witness to leave. The issue of fact was submitted to a jury with the result above stated.

There was an abundance of evidence to carry the case to the jury and to support the verdict.

The only other question made by appellant is as to the competency of the evidence of the witness, Earnest James, concerning the efforts of appellant to induce the witness not to appear at the trial in this case in the lower court. The witness was asked if appellant said anything to him about attending the trial and testifying in this case below, to which the witness answered, "He asked me if I was going and I told him I did not know. Q. What did he say, if anything? A. Well he said if I came up here and told on him he would—— (Objection). Q. How many times did he ever talk to you about this case? A. Three or four times, I guess."

The witness, in substance, stated that appellant had attempted to induce him not to appear as a witness at the trial of this case. It has ever been the rule that the Commonwealth may introduce evidence to show that the defendant had tampered with or attempted to influence a witness for the Commonwealth, or attempted to or did actually prevent the attendance of the witness for the Commonwealth at the trial. The conduct of the accused either before or after the offense for which he is being tried can be proved when such conduct is inconsistent with his innocence. Collins v. Commonwealth, 75 Ky. 271; Sanderson v. Commonwealth, 11 Ky. Law Rep. 341; Basham v. Commonwealth, 87 Ky. 440.

We find no error prejudicial to the substantial rights of appellant.

Judgment affirmed.