## Reno v. Commonwealth.

(Decided Feb. 26, 1935.)

HUBERT MEREDITH for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Oll Reno appeals from a three-year sentence for manslaughter.

The homicide took place at the home of Charles Wilson in Central City, where the deceased, C. K. Kirtley, and another negro were giving a dance to which they charged an admission fee. Reno was paralyzed in his right side and therefore unable to dance. For this reason, Bill Render, doorkeeper, admitted him without requiring him to pay the entrance fee. According to the witnesses for the commonwealth, Kirtley, who had been working behind the counter, was standing in the middle of the floor when appellant pulled his pistol and fired three shots at a time when deceased was making no demonstration. On the other hand, the evidence for appellant is as follows: He and the deceased had had a dispute in regard to the payment of the admission fee. After that the deceased left the dance room stating that he would go back and get his gun and return and kill appellant. Later on appellant stated that if the deceased did not want him in there he would leave, provided the deceased would give him back the money he had paid. Thereupon the deceased jumped back, thrust his hand in his bosom, and exclaimed, "I will give you your money," and while in the act of drawing his pistol appellant drew his pistol and shot deceased. When deceased fell his pistol rolled on the floor and Bill Render picked it up and shot appellant in the leg.

In view of the evidence to the effect that the deceased was standing in the middle of the floor and was making no hostile demonstration toward appellant, we are constrained to the view that the question of appellant's guilt was for the jury, and that a verdict of manslaughter was not flagrantly against the evidence.

Dr. R. T. Bailey was permitted, over appellant's objection, to testify that after he had told the deceased he could not get well the deceased made the following statement: "He said Oll Reno took his life for nothing is what he told me."

It is unnecessary to review the authorities at length. It long has been the settled rule in this state that a dying statement of the deceased that the defendant "shot him for nothing" is a mere conclusion of the declarant and should not be admitted. Collins v. Commonwealth, 12 Bush, 271; Rooney v. Commonwealth, 193 Ky. 723, 237 S. W. 403; Philpot v. Commonwealth, 195 Ky. 555, 242 S. W. 839, 25 A. L. R.

1367; Mann v. Commonwealth, 215 Ky. 731, 286 S. W. 1044; Barnett v. Commonwealth, 215 Ky. 786, 287 S. W. 12; Caudill v. Commonwealth, 220 Ky. 191, 294 S. W. 1042; Jones v. Commonwealth, 238 Ky. 453, 38 S. W. (2d) 251. Of course there is no difference between the statement "shot him for nothing" and the statement "took his life for nothing." Nor is there any merit in the contention that a general objection to the declaration as a whole was not sufficient to raise the question. Whatever may be the rule in that regard, it is clear that it does not require that a dying declaration consisting of only one sentence shall be analyzed and divided for the purpose of objection. As the case is a close one on the facts, we conclude that the admission of the dying statement was prejudicial error.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.