THE STATE v. MERKLEY *et al.*

1. **Assault With Intent to Kill**: REFUSING TO NOURISH CHILD: INDICTMENT. An indictment for an assault with intent to kill an adopted daughter of defendants, of eleven years of age, by neglecting and refusing to nourish her, is insufficient, where it fails to charge that defendants had the means and were pecuniarily able to provide for her.

2. **Appeal**: CRIMINAL CASE: CONVICTION ON BAD COUNT. Where a defendant has been convicted of a crime charged in two counts, and, on appeal, one of the counts is found to be bad, and it cannot be said on which count he was found guilty, the judgment must be reversed.

3. **Criminal Law**: EXAMINATION OF DEFENDANT BY COURT. A defendant is not required to testify against himself; nor can he legitimately be placed in the position of admitting or denying, in the presence of the jury, in answer to questions put by the court, anything having a material bearing on his guilt.

4. **Assault With Intent to Kill**: EVIDENCE OF SUCCESSIVE ASSAULTS. On a trial for assault with intent to murder, although the indictment charges only one offense, the state may prove successive offenses of the kind charged, for the purpose of establishing the intent. (Compare *State v. Jamison, ante*, p. 613.)

*Appeal from Appanoose District Court.*—HON. DELL STUART, Judge.

FILED, SEPTEMBER 4, 1888.

INDICTMENT for an assault with intent to commit murder. Trial by jury; verdict, "Guilty of an assault with intent to commit manslaughter;" judgment; and the defendants appeal.

*Mabry & Morrison*, for appellants.

*A. J. Baker*, Attorney General, *George D. Porter* and *J. A. Elliott*, for the State.

SEEVERS, C. J.—There are two counts in the indictment. The first charges that on the tenth day of October, 1887, the defendants, with a hot iron, did feloniously, wilfully and maliciously make an assault in and upon Maggie Vermulin, and with said iron burn and mutilate, beat and bruise the body, arms and legs of said Maggie, with intent to kill and murder. The second count charges that the assault was made with a hot iron, and by beating and striking with a stick of wood, and that the defendants did then and there wilfully, intentionally, unreasonably expose Maggie Vermulin "to the rigors of the weather, by forcing the said Maggie from shelter out into the cold and severe weather, where she would endanger her life, freeze and die, said Maggie not being properly clad; and said defendant did then and there feloniously, wilfully, intentionally, unlawfully and maliciously neglect and refuse to nourish the said Maggie Vermulin, as they were under legal obligations to do, she being their adopted daughter of eleven years of age, and under their care and control, * * * with the specific, felonious and unlawful intent the said Maggie Vermulin then and there to kill and murder."

I. Upon the state offering evidence to support the indictment, the defendants objected thereto, because two or more distinct offenses were charged in the indictment, and also at the proper time moved the court to require the state to elect upon which count it would try the defendants. The objection was overruled, and the court refused to require the state to elect. The state proceeded to introduce evidence, and it tended to show that the defendants burned the said Maggie by applying to her body a hot iron on three different occasions, about one week apart. Thereupon the defendants moved the court to require the state to elect upon which of such burnings it would rely for a conviction. This motion was overruled. Thereupon the state offered evidence tending to show that the said Maggie had been starved, and not provided with sufficient food by defendants. To this evidence the defendants objected, on the ground

that it tended to establish a separate and distinct offense. The objection was overruled, and the defendants again moved the court to require the state to elect upon which offense charged in the second count it would ask a conviction, and the state elected that a conviction would be asked on the allegations in the second count, that defendants had neglected and refused to nourish, sustain and provide for the said Maggie, as they were under legal obligations to do.

II.   The defendants objected to the introduction of any evidence under the second count in the indictment, upon the ground that no crime was charged, and we think the court erred in holding that a crime was charged, and in submitting to the jury the issue arising under such count.

1. ASSAULT with intent to kill: refusing to nourish child: indictment.

It will be observed that the indictment fails to charge that the defendants had the means or were pecuniarily able to provide food and the necessaries of life for their adopted child, and this is an essential ingredient of the crime charged.    Am. Crim. Law (5 Ed.) p. 7, secs. 10, 11 ; 2 Bish. Crim. Law, sec. 643 ; 1 Whart. Prec. 163 ; *State v. Smith*, 65 Me. 257. It cannot be said that a man is criminally liable for failure to perform a duty unless it is in his power, and he has the means and ability to perform such duty.    As it is impossible to tell under which count the defendants were found guilty, therefore the judgment must be reversed.    It is due to the district court that we should say that it is doubtful, if not certain, that the ground of our decision was not expressly presented to such court ; but this, under the statute, is immaterial.    Code, sec. 4538.

2. APPEAL : criminal case: conviction on bad count.

III.   It will be observed that the indictment charges that Maggie Vermulin was the adopted daughter of the defendants.    The state asked permission of the court to "place the defendants on the witness-stand, for the purpose of examining them as to the whereabouts of the papers of adoption of Maggie Vermulin, and the defendants objected to the state examining the defendants, for the

3. CRIMINAL law : examination of defendant by court.

reason that they are not bound to take the witness-stand against themselves, unless of their own motion. The court sustained the motion. Then the court asked each of the defendants if they knew where the adoption papers were, or if they had them in their possession, and each of the defendants answered that they did not have the papers, and did not know where they were. The defendants excepted to the court's asking the defendants any questions in the presence of the jury." The foregoing is a literal copy of the record. We possibly may assume that the adoption papers were regarded as material for the purpose of showing that it was the legal duty of the defendants to provide for and maintain Maggie Vermulin. This being so, we think the court erred in making the inquiry it did. It must be beyond controversy that the defendants could not be compelled to give evidence against themselves, nor could they be placed legitimately in the position of admitting or denying, in the presence of the jury, anything having a material bearing on their guilt. Whether, in view of the answer to the inquiry, and the whole record, the defendants were in any respect prejudiced by what the court did, we have no occasion to determine.

IV. Upon another trial we shall assume that the defendants will not be required to defend against the second count in the indictment. Therefore, the only material question to be determined

4. *Assault with intent to kill: evidence of successive assaults.* is whether evidence of successive burnings, about one week apart, is admissible under the first count, which charges but a single offense, and that is an attempt to commit murder, which, however, since the finding of the jury, must be regarded as having been reduced to an intent to commit manslaughter. The state must establish the requisite intent, and, therefore, may and is entitled to introduce evidence of distinct and different burnings, although they may constitute distinct crimes. *State v. Jamison, ante,* p. 613.

Other errors are relied on, but we think they will not arise on another trial, and, therefore, they are not considered.          REVERSED.