THE STATE OF IOWA, Appellee, v. ASA L. STICE, Appellant.

Lewdness: OTHER ACTS OF SIMILAR CHARACTER AS EVIDENCE. In a prosecution for lewdness committed by the defendant by the willful exposure of his person in a public place on a day named, evidence of similar acts on the same day, and on the preceding day, to persons other than the prosecuting witness, though accompanied by an indecent proposal to a young lady, is admissible for the purpose of showing that such exposure was intentional.

*Appeal from Appanoose District Court.*—HON. W. I. BABB, Judge.

### FRIDAY, MAY 12, 1893.

THE defendant was indicted for lewdness. He pleaded not guilty, was convicted, and sentenced to the county jail, and appeals.—*Affirmed.*

*J. A. Elliott* and *Geo. D. Porter*, for appellant.

*John Y. Stone*, Attorney General, *Thos. A. Cheshire* and *C. F. Howell*, for the State.

KINNE, J.—I.  The defendant was indicted for the crime of lewdness, committed on March 20, 1892, by willfully exposing his person (private parts) in a public place, in plain view of a public thoroughfare where people were passing.  The case is submitted to us upon a complete transcript, but without argument on behalf of either party.

The crime for which the defendant was indicted and convicted is alleged to have been committed on Sunday, March 20, 1892, in the presence of a young lady, whose name need not be mentioned.  On the trial the court admitted evidence of acts of a similar character committed by the defendant at the same place, on the

same day, and also on the preceding day, which were committed in the presence of parties other than the prosecuting witness. It is insisted that this evidence was incompetent. The general rule is that evidence of distinct and separate offenses is not admissible to establish the defendant's guilt of the particular offense charged. There are certain well-recognized exceptions to this rule, as in cases where knowledge and intent are necessary elements of the offense charged. 1 Greenleaf on Evidence [15 Ed.], sec. 53, note; Roscoe's Crim. Evidence, pp. 90–94; Wharton's Crim. Evidence, sec. 44; 2 Rice, Evidence, pp. 521, 522; *Commonwealth v. Sawtelle*, 141 Mass. 140, 5 N. E. Rep. 312; *Thomas v. State*, 103 Ind. 419, 2 N. E. Rep. 816. In the class of cases mentioned it is held that, as such evidence is admissible to show guilty intent in doing the act charged, it is no ground of objection thereto that it may also show that the defendant is guilty of another crime. This exception to the general rule has often been recognized by this court. *State v. Walters*, 45 Iowa, 389; *State v. Jamison*, 74 Iowa, 617; *State v. Saunders*, 68 Iowa, 370; *State v. Kline*, 54 Iowa, 183. The evidence of other acts, introduced by the state, showed that, both before and after the commission of the offense with which the defendant was charged, he had made like exposures of his person to young ladies. Surely such facts are competent to establish the claim that the offense for which he was on trial was designedly committed. Under the statute it is incumbent upon the state to show that the act was designedly done, that is, intentionally, and we know of no better way to establish that fact than was pursued in this case. The jury were instructed to consider the evidence of these acts for the sole purpose of determining whether the public exposure made by the defendant of his person, for which he was charged, was done willfully and designedly.

In connection with one of these other acts, it appears that defendant also made an indecent proposal to the young lady. This was likewise admissible, as tending to show the intent with which he committed the act for which he was on trial.

II. Error is assigned in the giving and refusing of instructions. We have examined the instructions given, and those refused, and discover no error. The court's charge was full, and clearly set forth the law applicable to the case.

III. It is said that the verdict is contrary to the evidence. As is our duty in such cases, we have read the evidence with care, and have fully examined the entire record, and discover no error. The record impresses us with the conviction that the defendant had a fair trial, that the doubts were resolved in his favor by the court below, and the verdict was justified by the evidence.

The judgment below must be AFFIRMED.