STATE OF IOWA v. MORRIS LEVICH, Appellant.

**Receiving stolen property:** GUILTY KNOWLEDGE: FELONIOUS INTENT.
1 To convict of the crime of receiving stolen property, it is necessary to show defendant's guilty knowledge of the manner in which the property was obtained; and receiving property under such circumstances implies a felonious intent.

**Evidence of guilty intent.** On a prosecution for receiving stolen
2 property, evidence which tends to show defendant's guilty knowledge, intent, purpose, or design, is competent although it may show that defendant has committed some other crime.

**Felonious intent:** EVIDENCE. On a prosecution for receiving stolen
3 goods, it is competent to prove that the defendant received other stolen property belonging to the same prosecutor although not from the same person, where defendant knew that the person from whom he purchased it had no authority to sell the same, as bearing on defendant's intent.

**Presumption as to stricken evidence.** Where the jury was directly
4 told not to consider evidence which had been stricken out, it will be presumed on appeal that it did not do so.

**Larceny.** In a prosecution for receiving stolen property the de-
5 fendant cannot complain of the court's statement, that it is not necessary to use the word "steal" to convey the impression of larceny, when made in connection with a ruling in his favor.

**Receiving stolen property:** EVIDENCE. On a prosecution for re-
6 ceiving stolen goods, it was not error to refuse to permit the prosecutor to state who besides himself handled the goods stolen.

*Appeal from Woodbury District Court.*— HON. JOHN F. OLIVER, Judge.

TUESDAY, JULY 11, 1905.

THE defendant was convicted of the crime of receiving stolen property, and appeals.— *Affirmed.*

*Sullivan & Griffen,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, C. J.— The defendant was tried on an indictment charging him with having received property that he knew had been stolen from C. T. Hopper. The facts necessary to an understanding of the case and of the questions presented on appeal are, briefly, these: On the 23d day of March, 1904, and for two or three years prior thereto, the defendant was a dealer in new and secondhand house furnishing goods in Sioux City, Iowa. C. T. Hopper, the prosecuting witness in this case, was, during this time, a jobber in furniture, having a general storage warehouse not far from the defendant's place of business. The defendant had bought goods of Hopper almost every month during the period stated. At first, credit was extended to him, but about 18 months prior to the 23d day of March, 1904, he was notified that his purchases thereafter must be for cash, and subsequent purchases were, in fact, for cash, paid either when the goods were ordered or on delivery. On the 23d day of March, 1904, the defendant bought the property involved here of one of Mr. Hopper's warehouse employés, and sent his own wagon to the warehouse for the same. The man of whom he bought was not a salesman for Mr. Hopper, nor had he authority to make any sale, or authority to deliver property to any purchaser without a written order therefor, and the delivery of the property was without the consent of Mr. Hopper, and not in accordance with the usual course of business between him and the defendant. In

fact, the property was stolen from Mr. Hopper, and soon thereafter on the same day it was found in the possession of the defendant. Some two or three weeks before this transaction a bale of ticking belonging to Mr. Hopper was stolen by another of his employés and was sold and delivered to the defendant, and it was found in his store at the time the property stolen on the 23d of March was recovered. There was evidence tending to show that the defendant had personally bought the ticking, and that he had afterward personally hidden it among a mass of other goods in his store. He knew that the seller thereof was an employé of Hopper's, and paid him therefor only about one-third of its value. The state was permitted to prove the larceny of the ticking, its sale to the defendant, and his possession thereof at the time in question.

While it is the general rule that proof of the commission of a distinct and separate offense is not competent to prove the crime charged, it is also equally true that there are exceptions to this rule, and that evidence which tends to show guilty knowledge, intent, purpose, or design is competent, though it may also tend to prove that the defendant has committed some other crime. *State v. Donavan,* 125 Iowa, 239, and authorities cited therein.

To convict of the crime of buying or receiving stolen property, it is always essential to prove the defendant's guilty knowledge of the manner in which the property was obtained. Code, section 4845. *State v. Smith,* 88 Iowa, 1. And the buying or receiving property, knowing it to have been stolen, necessarily implies a felonious intent. *State v. Turner,* 19 Iowa, 144.

In a prosecution for having received goods, knowing them to be stolen, it is competent to prove that the defendant received from the same person other articles stolen by him. *Mayer v. People,* 80 N. Y. 373. Stephen's Digest of Evidence, 28. And the English rule, as stated by Mr. Stephen, goes much further and permits evidence that the

person charged has been convicted of any offense involving fraud or dishonesty. It is true that the stolen ticking was not received from the same person who delivered the property involved in the charge against the defendant, but it was stolen from the same person by one whom the defendant knew to be an employé without authority to sell it, and the act of buying and receiving it, considered in connection with the course of business which had been established between the defendant and Hopper, tended to show knowledge that the property in question had also been stolen, and was therefore competent.

The testimony of the witness John Mechenis as to conversations with one John Buchanan was stricken out, and the jury was directly told not to consider it, and we must presume that it did not do so. The court very properly refused to direct a verdict for the defendant, for, while a conviction cannot be had on the uncorroborated testimony of an accomplice, there were facts and circumstances proven which furnished all of the corroboration required by the statute.

There was no error in the statement of the court that it was not necessary to use the word " steal " to convey the impression of larceny. It was made in connection with a ruling in favor of the defendant, and was entirely proper under the circumstances.

Nor was there prejudicial error in refusing to require the witness Hopper to state who, besides himself, handled and sold the kind of ticking that had been stolen from him.

The judgment imposed a term of four years in the penitentiary, and it is insisted that the punishment is excessive. From a careful examination of the record we are fully satisfied of the defendant's guilt and of his lack of general moral character, hence we do not feel it our duty to disturb the judgment. The case in therefore *affirmed*.