STATE OF IOWA, Appellee, v. M. FARRIS, Appellant.

**SODOMY:** Acts Constituting. Sodomy may be committed by hav-
ing copulation in the mouth of a human being.

**SODOMY:** Indicting Accomplice as Principal. One who permits
the crime of sodomy to be perpetrated on his body may be in-
dicted as a principal. Indictment held sufficient.

**CRIMINAL LAW:** Preconcerted Action Rendering Party Accom-
plice. When two persons, by previous agreement, voluntarily
go to the room of a third person for the purpose of having said
third person commit the crime of sodomy on each of their
persons, with the mutual expectation of receiving money from
said third person for said offenses, and said crimes are con-
summated as contemplated, each of said persons is an accom-
plice in the crime committed by the other.

*Appeal from Woodbury District Court.*—JOHN W. ANDER-
SON, Judge.

JULY 6, 1920.

THE defendant was indicted, tried to a jury, and con-
victed of the crime of sodomy, and appeals.—*Reversed and
remanded.*

*Sears, Snyder & Gleysteen, Vail E. Purdy,* and *H. C.
Harper,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assist-
ant Attorney General, and *Ole T. Naglestad,* County Attor-
ney, for appellee.

PRESTON, J.—1. The transaction and the evidence are
so vile and nauseating that we shall refer to
it as briefly as possible, and in such lan-
guage as that a reading between the lines
may be necessary at some points. The in-
dictment follows:

1. SODOMY:
acts con-
stituting.

"The grand jury of the county of Woodbury, in the name and by the authority of the state of Iowa accuse M. Farris of the crime of sodomy committed as follows: The said M. Farris on or about the 24th day of November in the year of our Lord One Thousand Nine Hundred and Eighteen, in the county of Woodbury and state of Iowa, did unlawfully, willfully and feloniously have copulation with and carnally know one Bert Stevens in an opening of the body of the said M. Farris other than the sexual parts, to wit: the mouth of the said M. Farris."

At common law, there was some question as to whether sodomy could be committed in the manner here charged,— that is, by the mouth,—though the weight of authority seems to be that it could (8 R. C. L. 334); but our statute, Code Section 4937, as later defined by Section 4937-a, Code Supplement, 1913, is broader than the definition at common law. *State v. McGruder,* 125 Iowa 741. The literal charge in the indictment is that the male organ of Bert Stevens penetrated defendant's mouth. The defendant can be held, if at all, only as an accessory or an accomplice.

The evidence, if believed, tends to show that Stevens and Barnes were together in the room of the defendant, and both on the bed at the same time, and that the act was committed by or on Stevens about a minute before a similar act was committed by or on Barnes. Both Stevens and Barnes would be guilty of sodomy, because there was copulation by each inserting their own organ in defendant's mouth, and they say they consented to it. Their conviction might be as salutary as the conviction of the defendant; though he, too, should be punished, if it has been shown, by competent evidence, that he is guilty. It is conceded by the State that Stevens would be an accomplice of the defendant as to the act with him, and we think, for a like reason, that Barnes would be an accomplice as to his act. It is clear, then, that, in that sense, both Stevens and Barnes are accomplices. It is contended by appellant that Barnes is an accomplice of both Stevens and the defendant, as to the act with Stevens, and the act relied upon by the State for a conviction. This

is denied by the State, and it is argued by the attorney general that the two offenses were distinct and separate.

Going back now, for a moment, to the indictment, we are of opinion that defendant could be indicted as a principal for the offense charged, even though he was but an accomplice. This rule applies to offenses where **2. SODOMY: indicting accomplice as principal.** two could not have committed the act, as in rape, or where a man is charged with rape upon his own wife. *State v. Comstock*, 46 Iowa 265, 266; *State v. McAninch*, 172 Iowa 96, 110; *Foster v. State*, 1 Ohio Cir. Ct. 467. In the last-named case, there was an indictment against three men for sodomy committed on the same man, at the same time; and the indictment was held good, because one could have done the act, and the others aided him. The defendant could not be guilty, except as an accessory or accomplice. We think the indictment is good.

2. This brings us to the real point in the case; and that **3. CRIMINAL LAW: preconcerted action rendering party accomplice.** is, whether Barnes, as well as Stevens, was an accomplice. Appellant contends that they both, as well as the defendant, were accomplices, and that it does not matter how many accomplices there may be, they must be corroborated. 16 Corpus Juris 710.

Going now to the evidence, to determine whether Barnes was concerned in the crime charged, it appears from the testimony of Stevens that, some days before the time of the commission of the alleged offense, he went to defendant's rooms; that, at that time, he stayed half an hour, and had some drinks, but there was nothing out of the way at that time. He says that Barnes was with him at the time the alleged crime was committed, some time in November or December; that he telephoned from the billiard parlor to Barnes, asking if he wished to make some easy money, and that Barnes thought that was all right; that Barnes then went to the pool hall, and Stevens told Barnes that defendant did such things as that charged; that the two together then went to defendant's room, and they had sev-

eral drinks of whisky; that, after they had been in the room for a time, defendant went to the bed, and motioned for them to come over to the bed, and they both went over and sat down on the bed with defendant; that defendant unbuttoned their trousers, both Barnes' and Stevens' at about the same time; and that then the act was committed on both. Stevens says he practiced sodomy once after that, when no one else was present. No charges were made against either Barnes or Stevens. They were about 18 years of age; and both testified that they made no resistance, but consented to the act. Barnes testifies that, before they went to defendant's room, Stevens said that, if they would go there, there would be $3.00 or $4.00 in it, and some whisky, and so he went; that he knew, before they went, that they were going to defendant's room for the purpose of having this act of sodomy committed upon them; that, the way he happened to go with Stevens, was that Stevens phoned him, and asked if he wanted to make some easy money; and that Stevens told him how, after he got to the pool hall; that Stevens then said defendant would do this, and give him $3.00 or $4.00, and that there was whisky in it; that he knew what he was doing, all the time he was there, although they had used considerable whisky; that defendant said nothing out of the way to either Stevens or to witness. He describes the act substantially as does Stevens, and says that defendant did not ask him over to his room, but that it was Stevens. Defendant did not pay them any money. Some time after the transaction in question, both Barnes and Stevens, with another party or two, went to the defendant's room, evidently by arrangement with the officers. This was late at night, and defendant was in bed. He was then arrested. There is no claim that any improper conduct took place at that time. Barnes says he never saw defendant but twice.

Section 5299 of the Code provides that all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, shall be indicted,

tried, and punished as principals. The words "aid and abet" in the statute seem to apply to persons not present; though, of course, they could apply to those present. But the first part of the statute uses the word "concerned:" "all persons concerned in the commission of a public offense," etc. Code Section 5489 provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

There are different definitions of the word "accomplice." Some of them are given in *State v. Ean,* 90 Iowa 534, 536, as:

"One who is joined or united with another; one of several concerned in a felony; an associate in a crime; one who co-operates, aids, or abets in committing it."

Under these definitions, was Barnes concerned in, or associated with Stevens and co-operating with him in, the act alleged to have been committed by the defendant with Stevens? We think he was. The State cites *State v. Bosworth,* 170 Iowa 329, to the point that Barnes' being present and not objecting is insufficient to make him an accomplice. The State also cites, to the same effect, *State v. Duff,* 144 Iowa 142; *State v. Jones,* 115 Iowa 113. But we think that, in the instant case, there is more than Barnes' mere presence. The State cites, also, *State v. Ean,* supra, to sustain its claim that there were two distinct offenses here. In that case, a man and a woman occupied one room, and another man and another woman, another and adjoining room, and the evidence tended to show that all were guilty of adultery; and it was held that those in one room were not accomplices of those in the other. That is somewhat different from the question we have here. It is doubtless true that, in the instant case, the acts were distinct, in a sense: that is, in the sense that both Barnes and Stevens were guilty as accessories or accomplices to the act committed by or on

each. But the two acts were closely related, and committed substantially at the same time. The test generally, as to whether one is an accomplice, is determined by deciding if he could have been indicted and convicted of the same offense. *State v. Duff,* supra. If, in the instant case, there had been no claim or testimony that the act was committed with Barnes, and all the other circumstances were the same as they appear in this record, we think Barnes could properly be said to have been concerned or associated with Stevens in the Stevens act. There was preconcerted action between them before going to defendant's room; they were going together for that purpose; and their claim is that defendant was to pay them money for the privilege of committing the act, and that Barnes was to receive the money, or share in it. He knew what he was going there for. There may be other circumstances, before set out, that show his participation in the act with Stevens.

Mere presence, in the absence of preconcert, etc., is ordinarily not enough; but, if the party's presence is by preconcert, he may be guilty as an aider and abettor, although neither by word nor by act does he encourage the commission of the crime. 16 Corpus Juris 132, 133, citing *State v. Dunn,* 116 Iowa 219; *State v. Nash,* 7 Iowa 347. The last-named case has reference, perhaps, more to the question of conspiracy; but it is held, in effect, that the act and declaration of each member of a confederacy, in pursuance of the plan with reference to the common object, is, in contemplation of law, the act and declaration of them all.

Appellant also cites *State v. Jones,* supra; *State v. Cowell,* 149 Iowa 460; *State v. O'Callaghan,* 157 Iowa 545.

We deem it unnecessary to review the cases further. We reach the conclusion that Barnes was an accomplice, as contended by appellant, and that there was no corroboration. The question was properly raised by the defendant in the trial court. This is decisive of the case, but we think it proper to refer very briefly to the evidence on the general situation.

3. We shall not go into any detail as to the unsavory

character of Stevens and Barnes.   Some of the circumstances have already been referred to.   Barnes testifies:

"I have been in jail for investigation and things like that before, when they were raiding around here.  I was picked up in the Nigger Cabaret, when they had the Nigger Cabaret on the west side."

The defendant is a Syrian, 66 years old.   Testifying through an interpreter, he says he is married, and that his wife and three children live in Constantinople; that he has been in this country 9 years, 8 of which he has worked for the Cudahy Packing Company, at Sioux City, and is still working there; that he took up a homestead in South Dakota, proved up on it, and still owns it; that he knows Stevens, who worked at Cudahy's for a while; that he never asked Stevens to come to his room.   He denies that Stevens and Barnes were at his room at the time the crime is alleged to have been committed; says he never saw them at his room, prior to the night he was arrested; denies this charge; says he never did anything of the kind in his life, and was never in any trouble before; works 8 hours a day, and invests his money in property in this country; has houses in Sioux City.   His employers and others testify to his good character; that he is a steady, faithful, hardworking man, and has missed not more than 4 or 5 days from his work in 8 years, and then to attend a funeral, or something of that kind.   He may be guilty, but we have some doubt about it.   At any rate, for the reasons stated in prior paragraphs of the opinion, we are satisfied that he was not convicted upon proper evidence, for that the only evidence is that of accomplices, who are not corroborated. The judgment is reversed and the cause remanded.—*Reversed and remanded.*

WEAVER, C. J., EVANS and SALINGER, JJ., concur.