STATE OF IOWA, Appellee, v. W. L. BAUGH, Appellant.

CRIMINAL LAW: Other Offenses—Uttering Forged Instrument. On the trial of an indictment for uttering a forged instrument, the State may, as bearing on the defendant's purpose, intent, and knowledge, show the uttering of other like forgeries, both before and after the offense charged, which are properly connected with the offense on trial, in point of time and circumstances.

Headnote 1:   16 C. J. p. 599.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

DECEMBER 15, 1925.

THE defendant appeals from a judgment in the court below sentencing him, upon conviction of the crime of uttering a forged instrument, to an indeterminate period not to exceed 15 years in the state penitentiary at Fort Madison.—*Affirmed.*

*H. W. Laton,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Vernon R. Seeburger,* County Attorney, for appellee.

STEVENS, J.—The indictment charged appellant with the crime of uttering forged instruments, to wit, certain certificates of purchase at tax sale. The indictment was not in any way assailed, and, on December 21, 1924, two days after it was re-

turned, the defendant was arraigned, and entered a plea of "not guilty." The argument of counsel for appellant is devoted in part to the indictment, which it is asserted is bad for duplicity. This question was not raised in the court below, but objection was interposed by appellant to the introduction of evidence of other similar crimes. Proper exception was preserved to the adverse ruling of the court on the objections. The admissibility of this evidence presents the principal question for review.

The evidence showed that numerous other tax certificates were presented by appellant to the county treasurer for redemption, and redemption effected. The forged certificates presented were as follows: July 28, 1924, two certificates, amount $535.45; August 13, 1924, one certificate, amount $52.75; September 16, 1924, four certificates, amount $30.40; November 5th, one certificate, amount $141.45. The indictment is based upon the transaction of September 16th.

All of the certificates in question were forged, and the jury may well have found that the explanation offered by appellant as to how they came into his possession was, to say the least, wholly unsatisfactory. On the question of his guilt we entertain not the slightest doubt. Knowledge of the forged character of the instruments and the intent with which appellant handled them were important and necessary elements of the offense. The certificates uttered previous to the date of the indictment, together with those set out in the indictment, were also admissible, as bearing upon the question of knowledge and intent. The authorities are practically uniform in this country upon this question, which constitutes an exception to the general rule, that evidence of other separate and distinct offenses is not admissible. *State v. Levich,* 128 Iowa 372; *State v. Lee,* 91 Iowa 499; *State v. Walters,* 45 Iowa 389; *State v. Stice,* 88 Iowa 27; *State v. Foxton,* 166 Iowa 181; *State v. Feuerhaken,* 96 Iowa 299; *State v. Johns,* 140 Iowa 125; *State v. Merkley,* 74 Iowa 695.

Likewise, evidence of prior similar offenses is often admissible for the purpose of showing that the act was intentional, rather than accidental, and that it formed a part of a series of similar occurrences, in each of which the person doing the act

was concerned. *State v. Brady,* 100 Iowa 191. The foregoing cases relate only to evidence of prior offenses. One of the certificates in question was uttered November 5, 1924, which was subsequent to the date of the offense charged. Evidence of subsequent offenses in a prosecution for receiving stolen property was sustained in *State v. Boyd,* 195 Iowa 1091, and in a later case pending in this court on a petition for rehearing. The holding in *State v. Boyd,* supra, is to some extent sustained by the discussion in *State v. Scott,* 136 Iowa 152. The rule in England originally forbade the admission of subsequent acts, but the rule has been changed, and the English courts now admit testimony of this character. The exception is stated and approved by standard text-writers. 1 Wigmore on Evidence (2d Ed.), Sections 316 and 325. To these sections are appended exhaustive notes. See, also, 4 Chamberlayne on The Modern Law of Evidence, Sections 3234 and 3245. See, also, *People v. Harben,* 5 Cal. App. 29 (91 Pac. 398) ; *People v. Zimmerman,* 11 Cal. App. 115 (104 Pac. 590) ; *People v. Marrin,* 205 N. Y. 275 (98 N. E. 474) ; *Gibson v. State,* 11 Ga. App. 148 (74 S. E. 905) ; *Scott v. People,* 141 Ill. 195 (30 N. E. 329) ; *People v. Hagenow,* 236 Ill. 514 (86 N. E. 370) ; *State v. Marshall,* 77 Vt. 262 (59 Atl. 916) ; *State v. Smith,* 55 Ore. 408 (106 Pac. 797).

The exceptions to the general rule that other offenses are admissible are confined to such crimes as uttering forged instruments, cheating by false pretenses, and receiving stolen property. Courts and text-writers, in discussing this subject, say that it is the repetition of incidents that tends to negative innocence in particular instances, and Wigmore adds that it is immaterial whether it is prior or subsequent. Such evidence may tend to establish a fixed purpose or design on the part of the accused, of which the particular offense charged is but one of a series. The rule is capable of abuse, and the subsequent events must be so connected with the offense charged, in point of time and circumstances, as to throw light upon the intent of the accused in the commission of the offense for which he is being prosecuted. The purpose of appellant to defraud the county treasurer by uttering a series of forged tax certificates is clearly established.

We reach the conclusion that the judgment of the court below must be, and it is,—*Affirmed.*

DE GRAFF, VERMILION, and ALBERT, JJ., concur.