THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* STUART HALL, Defendant.

County Court, Jefferson County, December 15, 1939.

*Carl J. Hynes, District Attorney,* for the plaintiff.

*Melvin F. Kinkley,* for the defendant.

DONALDSON, J.   The defendant has been convicted in this court of the crime of attempted sodomy and now applies for a certificate of reasonable doubt.

The question upon this application is whether or not there are questions in the case of sufficient gravity to justify a review by the Appellate Division in advance of imprisonment.   It is not necessary for the applicant to show that the judgment of conviction must be reversed but that there is reasonable doubt whether the judgment should stand.   (*People* v. *Wagner,* 120 Misc. 214; *People* v. *Martin,* 91 id. 107.)

The indictment did not charge the crime of sodomy but only an attempt.   It was, therefore, important that the People prove an intent on the part of the defendant to commit the crime of sodomy.   They must prove that the acts done by the defendant were committed willfully and designedly; in other words, that they were not accidental, unintentional nor done as a joke.

To establish that the acts done by the defendant were criminal and in an effort to commit the crime of sodomy the People were permitted to prove associations by the defendant with other boys, both prior and subsequent to the date alleged in the indictment. With at least one of the boys there was evidence of the commission

of the crime of sodomy, and with the others various acts claimed to constitute an attempt on them. The nature of the case precludes a discussion of the facts.

The jury was particularly cautioned that the defendant could not be convicted on this trial for any act except that charged in the indictment and that the evidence of other occurrences could be used only for the purpose of determining the defendant's purpose, intent and motive in committing that act.

The People's evidence as a whole, if true, justified the conclusion that over a period of time the defendant had been a person with abnormal, unnatural and perverted sexual desires. This crime is unusual and unnatural. The statute refers to it as a crime against nature. A normal person would not commit the crime. Who would commit such a crime? It certainly is essential to inquire into the mental attitude and physical reactions of a man charged with this crime in order to determine whether he is such a man. The law presumes that the defendant in this case had the complainant in his car for a legitimate purpose. When questioned by the police the defendant claimed he had no criminal motive, intent or purpose in his associations with this boy. The natural sex instinct is for the opposite sex. How, then, are we going to determine the sexual attitude of this defendant toward his own sex? He is presumed in law to be a man with normal sexual desires and not possessing an abnormal perversion. It was necessary for the People to prove that the defendant was homosexually inclined; that he had emotions which led him to commit the crime; that he had a passion toward his own sex that was unnatural. If it be determined that the defendant was possessed of the passion, emotion and desires referred to, then he is capable of committing the crime of sodomy, and it follows that the jury could infer that he had a sexual force which impelled him to attempt it.

Courts of this State have settled the law generally on the subject. Evidence of other acts are competent to show motive, intent, absence of mistake or accident or common plan and scheme. These are exceptions to the general rule that an accused cannot be required to refute evidence of crimes not charged in the indictment. The exceptions to the rule have been applied in many different kinds of criminal cases in this State. (*People* v. *Molineux* [murder], 168 N. Y. 264; *People* v. *Dowling* [larceny], 84 id. 479; *People* v. *Haver* [blackmail], 4 N. Y. Crim. Rep. 171; *Bielschofsky* v. *People* [false pretenses], 3 Hun, 40; affd., 60 N. Y. 616; *People* v. *Molins* [counterfeiting], 7 N. Y. Crim. Rep. 51; *People* v. *Everhardt* [forgery], 104 N. Y. 591; *Coleman* v. *People* [criminally receiving stolen property], 55 id. 81; *People* v. *Grauer* [rape, same parties;

prior acts], 12 App. Div. 464; *People* v. *O'Sullivan* [rape], 104 N. Y. 481; *People* v. *Thompson* [rape], 212 id. 249; *Mayer* v. *People* [false pretenses], 80 id. 364; *Shulman* v. *People* [false pretenses], 14 Hun, 516; affd., *sub nom. People* v. *Shulman,* 76 N. Y. 624.)

In *People* v. *Shulman* (*supra,* printed as footnote in *Mayer* v. *People* [80 N. Y. 364], at p. 373), EARL, J., states in part as follows (at p. 375):

" It can make no difference whether the transaction sought to be proved, to throw light upon the main issue, occurred before or after the time of the alleged crime.

" Each case, as to the application of this rule, must depend largely upon its own circumstances, and not unfrequently the limit of them must rest entirely in the discretion of the judge presiding at the trial. For instance, upon the trial of an indictment for passing counterfeit money, upon the question of guilty knowledge, proof that for many months before and after the time of the alleged crime, the prisoner had been engaged daily, weekly or monthly in passing such money, would be competent. The longer the range of time the more conclusive would be the evidence; and yet, in such case, the judge, in the exercise of his discretion, could restrain the investigation within reasonable limits. But there is one general rule which must apply to all such cases; there must be, in the transactions thus sought to be proved, some relation to or connection with the main transaction. That is, they must show a common motive or intent running through all the transactions, or they must be such as in their nature to show guilty knowledge at the time of the main transaction, and if they possess these characteristics, then it matters not whether they were before or after, or near to or remote from the main transaction."

There are many decisions in other jurisdictions involving various crimes. (*Shaffner* v. *Commonwealth* [murder], 72 Penn. St. 60; *State* v. *McDowell* [attempted sodomy], 61 Wash. 398; 112 P. 521; *People* v. *Swift* [sodomy, same parties], 172 Mich. 473; 138 N. W. 662; *State* v. *Place* [attempted sodomy], 5 Wash. 773; 32 P. 736; revd. on other grounds; *State* v. *LaPage* [murder], 57 N. H. 245; *State* v. *Stice* [indecent exposure], 88 Iowa, 27; 55 N. W. 17.)

The clearest and most understandable application of the rule seems to me to be the counterfeiting cases. For example, a man may be arrested by the police charged with passing a counterfeit bill. He maintains that he knew nothing about the bill being a counterfeit and immediately offers to reimburse in order that the wrong may be rectified. He maintains his innocence. How, then, can it be proven that he passed the bill with criminal intent? Certainly evidence of the fact that on other occasions he had passed

counterfeit bills or that he had counterfeit bills in his possession or that he attempted to pass counterfeit bills would be the most convincing evidence that the act charged was not innocent but was criminal. In this connection, 1 Wharton's Criminal Evidence (11th ed.), section 351, page 525 states as follows: " Evidence of similar acts affords the surest basis for inference that the crime charged was committed by the accused."

The rule is not limited to proof of crimes but proof of attempts may be made as well. Wharton's Criminal Evidence (*supra*, § 362, p. 570) states as follows: " What has been said of crimes is applicable to attempts. Attempts to commit crime may be put in evidence, when relevant, under the same restrictions as have heretofore been stated with regard to executed crimes. In other words, circumstances showing that the accused attempted to commit, at another time, the crime with which he is charged, are relevant."

The foregoing cases in this State and in other jurisdictions indicate a uniform application of the exception to the rule. It is true that no cases have been called to my attention and I have been unable to find any cases decided by the courts of this State involving the crime of sodomy or attempted sodomy.

In my judgment, there is more reason for the necessity of the evidence to determine the question of intent where only an attempt is charged than where there is a completed crime.

Naturally, I felt and still feel that the evidence should be admitted in cases involving this crime. However, we are faced with the decision of *State* v. *McAllister* (67 Ore. 480; 136 P. 354) and *State* v. *Start* (65 Ore. 178; 132 P. 512), both of which seem to be directly in point except that the conviction in each case was sodomy instead of an attempt. They hold contrary to my views. But each of these decisions was rendered by a divided court, Chief Judge McBride and one associate judge dissenting in each case. Their views are my views.

By reason of the fact that I have refused to follow the views of the majority in the Oregon cases, I feel that the defendant is entitled to have my decision reviewed by the Appellate Division. I have, therefore, concluded to grant him a certificate of reasonable doubt. Ordered accordingly.