STATE OF IOWA, appellee, v. ARNOLD SIMPSON, appellant.

No. 47889.

(Reported in 50 N.W.2d 601)

DECEMBER 13, 1951.

Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellant.

Robert L. Larson, Attorney General, Glenn L. Gray, Assistant Attorney General, and Lester E. Ose, County Attorney, for appellee.

WENNERSTRUM, J.—The county attorney's information in the case now before us for review charged the defendant with the crime of sodomy. He entered a plea of not guilty and upon trial the jury found him guilty. A motion for new trial was overruled and thereafter he was sentenced to the penitentiary at Fort Madison for the term provided by statute. He has appealed.

The nature of the offense and the evidence presented in this case are revolting and repulsive. There would be no benefit gained by a detailed account of the facts. It is sufficient to state that the appellant was thirty-one years of age and married at the time of the alleged act. The complaining witness was seventeen years of age at the time of the trial—at least six months

after the claimed offense. He had been and was then employed as a farm laborer. In considering the evidence presented in the light most favorable to the State's viewpoint, it shows that the alleged crime was committed in appellant's automobile while it was stopped on a country road and after he had consented to take the complaining witness to a near-by town. In brief, the evidence discloses that the appellant, after some preliminary acts not necessary to here relate, and after some claimed demonstrations of force, committed what is termed in medical jurisprudence as fellatio. It is the contention of his counsel that this act did not constitute the crime of sodomy.

Our statute defines sodomy as follows: "Whoever shall have carnal copulation in any opening of the body except sexual parts, with another human being * * * shall be guilty of sodomy." Section 705.1, 1950 Code.

The appellant makes two contentions and asserts that one of the two must be true. He first maintains that, admitting the evidence of the State to be true, the crime of sodomy was not committed in that his sexual organ was not involved in the act of which complaint is made; also it is maintained that there was no principal who has committed a crime and that one cannot aid and abet in the commission of a crime unless there is a principal who has committed the offense. It is his claim that he could not be convicted as an accessory as he could not aid and abet himself in the commission of the alleged act of sodomy.

As an alternative contention the appellant claims that if the act of sodomy was committed, the complaining witness was the principal and an accomplice and his testimony was uncorroborated. In support of this claim he asserts that inasmuch as it was the sexual organ of the younger man that was involved, he (the complaining witness) was the principal in the commission of the offense and therefore necessarily an accomplice; and also that under the facts as claimed, the appellant was, at best, an accessory and although he might be tried and convicted as a principal, yet he could not be convicted on the uncorroborated testimony of the complaining witness, an accomplice.

I. We are concerned under the facts here involved with the question whether the appellant could be held to have committed the crime charged. We think he could be. It should be

kept in mind that our statute prohibits "carnal copulation in any opening of the body except sexual parts, with another human being." Webster's New International Dictionary (1947) defines "copulation" as "The act of coupling or joining, or state of being coupled or joined; union; sexual union, coition." And "coition" is defined as "a coming together, conjunction, meeting." And the same dictionary defines "carnal" in part as "sensual", which in turn is defined as "gratification of the senses, or the indulgences of appetite." It would thus appear that any gratification of the senses through the coupling or joining with the sexual organ of another "per os" (through the mouth) could be termed "sodomy". It is our conclusion it was the intention of the legislature to make unlawful any unnatural copulation by means of the enactment of the statute pertaining to sodomy.

In the Ohio case of State v. Tarrant, 1948, 83 Ohio App. 199, 200, 80 N.E.2d 509, 510, where the statute involved is similar to our statute, it is stated:

"We think that the intention and purpose of the Legislature was to enact an act that would make unlawful unnatural acts of sex expression as between one human being and another and as between a human being and a beast." And it is further therein stated on page 201:

"The statute, in order to be given meaning, must be held to mean that there are openings of the body other than the sexual parts where there might be carnal copulation. The courts have never hesitated to hold that when one takes the sex organs of another in his mouth, that that act constitutes the act of sodomy."

Crimes of the nature here considered are not generally defined with particularity. In State v. Cyr, 1938, 135 Maine 513, 514, 198 A. 743, it is stated:

"By the (great) weight of recent authority apparently supported by better reasoning, sodomy as used in connection with statutes prohibiting the crime against nature is interpreted in its broad sense and held to include all acts of unnatural carnal copulation with mankind or beast."

See Honselman v. People, 168 Ill. 172, 48 N.E. 304; Kelly v. People, 192 Ill. 119, 61 N.E. 425, 426, 85 Am. St. Rep. 323.

We do not deem it necessary to befoul our pages with the details of the cases hereinafter noted, but by reference to them it will be found that copulation "per os" has been held to constitute the crime of sodomy. See Herring v. State, 119 Ga. 709, 46 S.E. 876; White v. State, 136 Ga. 158, 71 S.E. 135; Jones v. State, 17 Ga. App. 825, 88 S.E. 712; Comer v. State, 21 Ga. App. 306, 94 S.E. 314; State v. Guerin, 51 Mont. 250, 152 P. 747, 748; State v. Whitmarsh, 26 S. D. 426, 128 N.W. 580, 583; Ex parte Benites, 37 Nev. 145, 140 P. 436; State v. Maida, 6 Boyce (Del.) 40, 96 A. 207; Glover v. State, 179 Ind. 459, 101 N.E. 629, 45 L. R. A. N. S. 473; State v. Start, 65 Or. 178, 132 P. 512, 46 L. R. A. N. S. 266.

The case of State v. Gage, 139 Iowa 401, 402, 116 N.W. 596, is directly in point. There the indictment charged "the crime [sodomy] substantially in the language of the statute, and further stated that it was committed by using the mouth of the defendant Gage." The demurrer to the indictment was on the ground " 'that the facts alleged and set out * * * do not constitute a crime.' " We affirmed the trial court's order overruling the demurrer. This case is definitely contrary to the contentions of the defendant and is controlling.

Our attention has been particularly called to the case of State v. Farris, 189 Iowa 505, 506, 178 N.W. 361, 362. The defendant in that case was charged with sodomy where the act was similar to the one with which the present defendant is charged. It was there stated: "The defendant can be held, if at all, only as an accessory or an accomplice."

We do not believe that under the facts in the instant case this is controlling. We have concluded that our statute should be construed in a broader and more inclusive manner and under the facts in this case the appellant can and should be held as a principal and not as an accessory. To the extent that the holding in State v. Farris, supra, may be at variance with our conclusions here announced the same is overruled. We have also given consideration to the case of Sledge v. State, 142 Neb. 354, 6 N.W.2d 76. In that case, where the sexual organ of the complaining witness was involved and not that of the defendant, it was the holding of the Nebraska court, under a statute similar to the Iowa statute, the defendant could not be held guilty of

the crime of sodomy. No authorities are cited in support of this phase of the case. However, see Kinnan v. State, 86 Neb. 234, 125 N.W. 594, 27 L. R. A. N. S. 478, 21 Ann. Cas. 335. We have concluded that under the authorities previously cited and with a broader construction of our statute the Nebraska authorities should not be followed.

II. Despite the fact that we have held in the prior division that the appellant could be held as a principal, yet there is a further question to consider. We are concerned in the present case whether the complaining witness consented to the act in question. A participant in a crime of the nature here considered who consents to the act is regarded as an accomplice and corroboration is required. 48 Am. Jur., section 7, page 552. However, it is our conclusion that it was for the jury to decide whether the complaining witness had consented to the act. Although the matter of consent was not involved in the case of State v. Start, 65 Or. 178, 183, 132 P. 512, 513, 46 L. R. A. N. S. 266, 269, we think, by analogy, the following statement therein made is applicable:

"The question should have been left to the jury, under proper instruction, to determine, in the first place, whether Van Hulen was present aiding or abetting in the commission of the crime, and, next, that if so, he should be corroborated by other evidence within the meaning of the statute above quoted."

See also 58 C. J., section 21, page 795; State v. Mentzer, 230 Iowa 804, 298 N. W. 893.

In one of the trial court's instructions the jury was advised in part: "You are instructed that if you find that * * * actually or impliedly consented or agreed to the act of sodomy, then in that case the defendant cannot be found guilty. 'Implied consent' means where one submits to the commission of a crime without objection or makes no resistance thereto." The jury was further instructed that if one gives consent, directly or impliedly, to the act of sodomy, such person would be án accomplice and could not be convicted upon the testimony of an accomplice alone but must be corroborated by other evidence in the case. It was further stated in the instruction: "In so far as this case is concerned if * * * directly or impliedly consented to the commission

of the act charged, if there was such an act, then in that case the defendant cannot be found guilty."

In substance the court told the jury in the concluding sentence of the instruction that there was no corroborative evidence, for he told them that if there was consent, directly or impliedly, the defendant could not be found guilty. It follows then that the only question that the jury had to decide was whether consent was given. The jury must have decided, as it was its province to do so, that no consent was given and thereafter found the appellant guilty. It did not become necessary for the jury to pass upon the question whether there was any corroborative evidence. No exceptions were taken to the instructions given and no complaint is made relative to them in the motion for new trial.

III. As a further basis for reversal the appellant contends that the court erred in permitting a witness to testify relative to other claimed, separate, and distinct offenses. It is maintained that by the offering of this testimony an attempt was made to inject prejudice into the case. It is also asserted that the testimony was incompetent. Briefly summarized, this witness's testimony was to the effect that at a time shortly before the act charged in the indictment occurred, he, along with the complaining witness and another young man, was in the car of the appellant; that the appellant at that time took liberties with him by running his hand up and down his left leg and thereafter grabbed at his trousers and at his crotch. The appellant offered to give him something to drink. Shortly thereafter the witness in question and his associate got out of the car, leaving therein the complaining witness and the appellant.

In 20 Am. Jur., Evidence, section 310, page 289, in referring to the admissibility of such testimony and the exception to the general rule prohibiting reference to other crimes, it is stated:

"Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial."

See also 22 C. J. S., Criminal Law, sections 683–690. In the case of State v. Baugh, 200 Iowa 1225, 1226, 1227, 206 N.W. 250, 251, this court stated:

"Likewise, evidence of prior similar offenses is often admissible for the purpose of showing that the act was intentional, rather than accidental, and that it formed a part of a series of similar occurrences, in each of which the person doing the act was concerned. State v. Brady, 100 Iowa 191."

See also State v. Merkley, 74 Iowa 695, 39 N.W. 111; State v. Stice, 88 Iowa 27, 55 N.W. 17; State v. Lee, 91 Iowa 499, 60 N.W. 119; State v. Levich, 128 Iowa 372, 104 N.W. 334.

As a basis for the claimed error as contended by the appellant it should be noted that at the commencement of the trial the appellant's counsel stated: "* * * I want to state for the record on behalf of the defendant that if the act for which he is on trial was done at all it was not unintentional or accidental or inadvertent." Apparently the purpose of this statement on behalf of the appellant was to justify an objection to the contemplated testimony referred to in this division and to seek to bring such objection within our holding in State v. Vance, 119 Iowa 685, 94 N.W. 204, and State v. Strum, 184 Iowa 1165, 169 N.W. 373. The holding in these last two citations was subsequently overruled in the case of State v. Kappen, 191 Iowa 19, 180 N.W. 307. The Kappen case was further followed in the cases of Henderson v. Ball, 193 Iowa 812, 186 N.W. 668, State v. Leitzke, 206 Iowa 365, 218 N.W. 936, and State v. Griffin, 218 Iowa 1301, 254 N.W. 841. It is the claim of the appellant that in the case of State v. Kinkade, 241 Iowa 1259, 43 N.W.2d 736, we again adhered to the holdings announced in the Vance and Strum cases. Our statement therein made was not necessary for the determination of that case, and it was not our purpose or thought to again approve holdings in the Vance and Strum cases.

We find no basis for reversal of the case now before us and it is consequently affirmed.—Affirmed.

All JUSTICES concur.